GREVERS *v.* MICHIGAN BELL TELEPHONE COMPANY

1. TELECOMMUNICATIONS — EQUIPMENT — SERVICE — REMEDY — PUBLIC SERVICE COMMISSION.

Questions whether telephone equipment is obsolete and whether telephone service is inadequate are within the jurisdiction of the public service commission, which is empowered to regulate any telephone service or facility and has statutory authority to hear and determine all complaints against practices, services rendered, or facilities furnished (MCLA §§ 484.103, 484.111).

2. ADMINISTRATIVE LAW AND PROCEDURE—PUBLIC SERVICE COMMISSION—PRIMARY JURISDICTION.

The public service commission has "primary jurisdiction" over matters which come within its purview and statutory delegated powers.

3. TELECOMMUNICATIONS—ADMINISTRATIVE LAW AND PROCEDURE— PUBLIC SERVICE COMMISSION—JURISDICTION—TELEPHONE SERVICE —CUSTOMER COMPLAINTS—COURT ACTION.

Civil action brought against telephone company for damages resulting from defendant's failure to provide adequate service and use of obsolete equipment should be stayed pending a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur, Telegraphs and Telephones § 38.
[2] 43 Am Jur, Public Utilities and Services § 193.
[3] 52 Am Jur, Telegraphs and Telephones §§ 62, 79.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

determination of the questions involved by the public service
commission rather than being dismissed, because of the innate
inability of the commission to grant the relief sought by
plaintiff if the fact findings are favorable to him.

4. COSTS—PUBLIC QUESTION—TELELCOMMUNICATIONS—NEGLIGENCE—
ADMINISTRATIVE LAW AND PROCEDURE—STAY OF COURT PROCEED-
INGS.
   No costs are allowed on appeal of negligence action initiated in a
   circuit court and based upon a telephone company's use of
   obsolete equipment and failure to supply adequate service to
   plaintiffs, where the Court of Appeals determined that the
   proceedings should be stayed pending a determination by
   the public service commission of the questions of whether the
   equipment was obsolete and whether the service was inadequate,
   a public question being involved.

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 May 14, 1969, at Detroit.
(Docket No. 4,674.)   Decided July 30, 1969.

Complaint by Theodore R. Grevers and Benjamin
B. Brown against Michigan Bell Telephone Com-
pany, a Michigan corporation, for damages result-
ing from defendant's failure to supply adequate
service and use of obsolete equipment.   Summary
judgment for defendant.   Plaintiffs appeal.   Re-
manded.

*Wilcox & Robinson,* for plaintiffs.

*Jack H. Shuler* and *Allen R. Waterstone,* for de-
fendant.

Before: FITZGERALD, P. J., and LEVIN and T. M.
BURNS, JJ.

FITZGERALD, P. J.   Plaintiffs' action against de-
fendant telephone company was for damages al-
legedly based upon negligence for failing to supply

adequate service and using obsolete equipment. The lower court held the action was improperly started in circuit court because the remedy should have been pursued and exhausted at the administrative agency level prior to application for a hearing in a court of law. From this decision, plaintiff appeals.

When a plaintiff has an action based upon negligence consisting of using obsolete equipment and providing inadequate service, is he required to pursue his remedy for damages at the agency level, or may he initiate such action in a circuit court *ab initio?*

Plaintiff relies upon *Muskegon Agency, Inc.,* v. *General Telephone Company of Michigan* (1954), 340 Mich 472, and a later decision of this same case (1957), 350 Mich 41. In *Muskegon Agency,* negligence consisted of putting a wrong number in a directory with attendant damages. The Court held that the public service commission was not a proper or constitutionally valid tribunal to decide the controversy after damage had been inflicted.

Defendant argued, and the trial court held that these cases are distinguishable. In *Muskegon Agency,* the negligence and cause of action was complete. There were no statutory provisions which covered "wrong number" negligence and there was nothing left for the agency to hear or decide, since the damage had been done.

Use of obsolete equipment and inadequate service are questions within the jurisdiction of the commission. MCLA § 484.103 (Stat Ann § 22.1443) provides that the commission is empowered to regulate any telephone service or facility. MCLA § 484.111 (Stat Ann § 22.1451) provides that the commission shall have authority to hear and determine all complaints against practices, or services rendered, or facilities furnished.

The trial court ruled that as long as there is a debatable issue which comes within the purview and the statutory delegated powers of the administrative agency, the commission has primary jurisdiction over such matters.

Instigating an action at the circuit court level without prior recourse to the commission as provided by statute resulted in procedural defect. A hearing and decision on the merits was, as the court said, premature and unwarranted. However, in the instant case, we must consider the question of the innate inability of the administrative agency to grant the relief sought by plaintiff. Although there is no doubt that the doctrine of "primary jurisdiction" must here apply, we think the proceedings should be stayed pending a determination by the administrative body. As is stated in 3 Davis, Administrative Law, § 19.07, p 42:

"[W]hen the agency cannot grant the relief prayed, so that further resort to the court is probable, the proceeding should be stayed."

In the case of *Thompson* v. *Texas Mexican Railway Co.* (1946), 328 US 134 (66 S Ct 937, 90 L Ed 1132), the Texas state courts held that plaintiff was entitled to relief which the Interstate Commerce Commission could not give and the United States Supreme Court ordered that the case be "held pending the conclusion of appropriate administrative proceedings." (See, also, *General American Tank Car Corp.* v. *El Dorado Terminal Co.* [1940], 308 US 422 [60 S Ct 325, 84 L Ed 361].)

In light of these authorities, we hereby remand this case to the circuit court with instructions to stay the proceedings pending a determination by the public service commission of the questions in-

volved, upon remand to that agency by the circuit court. We do not retain jurisdiction of this matter.
No costs, a public question.
All concurred.