VALENTINE *v.* MICHIGAN BELL TELEPHONE COMPANY

1. TELECOMMUNICATIONS — TELEPHONES — INADEQUATE SERVICE AND EQUIPMENT — JURISDICTION.
   Primary jurisdiction over issues of inadequate telephone service and inadequate telephone equipment lies with the Public Service Commission (MCLA §§ 484.103, 484.111).

2. PUBLIC SERVICE COMMISSION—JUDICIAL REVIEW—JURISDICTION.
   Judicial review of a final order of the Public Service Commission dealing with inadequate telephone service and equipment is exclusively in the Ingham County Circuit Court (MCLA § 484-.114).

Appeal from Oakland, William John Beer, J. Submitted Division 2 January 7, 1971, at Detroit. (Docket No. 9113.)  Decided February 19, 1971. Leave to appeal granted May 13, 1971, 384 Mich 841.

Complaint by Stephen K. Valentine and Frances M. Valentine against Michigan Bell Telephone Com-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Telegraphs and Telephones §§ 36–38, 62, 63.

pany for damages for inadequate service and a court order requiring that defendant provide adequate service. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Stephen K. Valentine,* for plaintiffs.

*Mary M. Conrad* and *Hartman, Beier, Howlett, McConnell & Googasian,* for defendant.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

QUINN, P. J. Plaintiffs' complaint and amended complaints filed in Oakland County Circuit Court sought money damages from defendant and a court order requiring defendant to provide adequate telephone service to plaintiffs. As finally amended, their complaint contained a count for breach of warranty, a count charging defendant with gross negligence, counts charging defendant with fraud and misrepresentation with respect to services and with respect to equipment, and a fifth count which combines charges of gross negligence, fraud, and misrepresentation. Regardless of the several theories pleaded, the basis for each was that defendant furnished plaintiffs with inadequate service and equipment. Defendant moved for accelerated judgment (GCR 1963, 116) on the basis that the court lacked jurisdiction because the doctrine of primary jurisdiction required that the regulatory body (MPSC) determine the issues raised in the first instance and because another action was pending between the same parties involving the same

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

claim, namely: a complaint before MPSC. In addition, defendant moved for summary judgment (GCR 1963, 117) for the reason that the complaint failed to state a claim upon which relief could be granted due to the limitation of liability provisions of defendant's tariff and the Michigan Administrative Code. The trial court determined that "neither the complaint nor any amendment thereto set forth a cause of action cognizable by this court" and dismissed the action without prejudice. Plaintiffs appeal contending that the MPSC has no authority to award them damages for losses already incurred and that it was error for the trial court to dismiss their action.

We have reviewed the many authorities cited by the parties in support of their positions and find that the only case factually applicable is *Grevers v. Michigan Bell Telephone Company* (1969), 18 Mich App 422. For that reason, we only discuss *Grevers*.

This Court recognized in *Grevers* that MPSC had primary jurisdiction over issues of inadequate service and equipment under the provisions of MCLA §§ 484.103 and 484.111 (Stat Ann 1970 Rev §§ 22.1443 and 22.1451). However, because MPSC could not award the relief sought by plaintiff, namely: damages for losses already incurred, the *Grevers* court stayed the trial court proceedings pending a determination by MPSC on remand to that body by the trial court.

We agree with *Grevers, supra,* that primary jurisdiction over issues of inadequate service and equipment lies with MPSC. We do not agree with the stay procedure adopted in *Grevers*. We note that the lack of jurisdiction of the Wayne Circuit Court was not raised in *Grevers,* hence, it cannot be said that we do not follow it.

The reason for disagreement is that MCLA § 484.114 (Stat Ann 1970 Rev § 22.1454) grants judicial review to plaintiffs if they are dissatisfied with the final order of MPSC. That review is exclusively in Ingham County Circuit Court, *City of Ludington* v. *Michigan Associated Telephone Company* (1952), 333 Mich 79, without a jury. (The review statute provides that review proceedings are in chancery.) There is no jurisdiction in Oakland County to litigate the issues of inadequate service and equipment. Since plaintiffs' right to damages is dependent on the resolution of unresolved issues not resolvable by Oakland County Circuit Court, the trial court was correct in his dismissal of plaintiffs' action.

This conclusion obviates discussion of the limitation of liability issue arising from the provisions of defendant's tariff and the Michigan Administrative Code.

Affirmed with costs to defendant.

All concurred.