HURON VALLEY STEEL CORPORATION v THE DETROIT
EDISON COMPANY

Docket No. 47423. Submitted February 17, 1981, at Detroit.—Decided
October 7, 1981. Leave to appeal applied for.

Huron Valley Steel Corporation brought an action in Washtenaw
Circuit Court alleging that the Detroit Edison Company had
overcharged it for services by applying the wrong rate classifi-
cation. In addition, other tortious conducts resulting in mone-
tary damages to plaintiff were alleged. Defendant moved for
accelerated judgment on the ground that the Michigan Public
Service Commission (MPSC) had primary jurisdiction. The mo-
tion was granted, Patrick J. Conlin, J., but jurisdiction was
retained pending a determination by the MPSC, the court
ruling that once the MPSC made a determination, the prevail-
ing party would be allowed to apply to the court for a judgment
in its favor. The MPSC thereafter ordered that defendant
refund $442,878.94 in overcharges to plaintiff, that the service
rates be changed as to two of plaintiff's installations, and that
defendant refund to plaintiff the amount of overcharges result-
ing from defendant's charging plaintiff at the "primary supply
rate" from November 22, 1978, through the effective date of the
MPSC order. Defendant fully complied with the order. Thereaf-
ter, plaintiff filed a motion in Washtenaw Circuit Court to
obtain judgment. Judgment was granted, Patrick J. Conlin, J.,
incorporating the order of the MPSC. Plaintiff appeals the trial
court's refusal to award interest on the judgment. Defendant
cross-appeals the trial court's denial of its motion to dismiss
based on its prior compliance with the MPSC order. *Held:*

1. The circuit court properly retained jurisdiction over plain-
tiff's claim of damages pending the decision of the MPSC on the
issue requiring the agency's expertise.

2. There is no reason to deny plaintiff statutory interest on

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 731-736.
[2] 45 Am Jur 2d, Interest and Usury §§ 60, 97.
Date of verdict or date of entry of judgment thereon as beginning of
interest period on judgment. 1 ALR2d 479.

the judgment. Plaintiff was entitled to recover interest and the trial court's finding to the contrary constituted clear error.

Affirmed in part but remanded for amendment of the judgment to provide for the payment of interest from the date of the complaint to the date the defendant paid the overcharges to plaintiff.

1. COURTS — ADMINISTRATIVE LAW — PUBLIC SERVICE COMMISSION — JURISDICTION.

It was proper for a trial court to retain jurisdiction over a plaintiff's claim for damages pending a decision of the Michigan Public Service Commission on issues requiring that agency's expertise where the MPSC would be unable to grant the full relief sought by the plaintiff should the fact findings be favorable to it.

2. INTEREST — JUDGMENT INTEREST — PUBLIC SERVICE COMMISSION.

A plaintiff is entitled to statutory interest on a money judgment entered by a circuit court in conformity with a Michigan Public Service Commission award of damages in the plaintiff's favor (MCL 600.6013; MSA 27A.6013).

*Clark, Klein & Beaumont* (by *Richard C. Marsh*), for plaintiff.

*David L. Clark,* for defendant.

Before: D. C. RILEY, P.J., and BASHARA and MAC-KENZIE, JJ.

PER CURIAM. On May 23, 1977, plaintiff filed the complaint herein alleging, *inter alia,* that defendant had improperly charged for services under the "primary supply rate" rather than the "general service rate". The complaint also alleged additional tortious conduct resulting in monetary damages to plaintiff. The principal issue was whether plaintiff was being charged for electric service pursuant to the proper Detroit Edison tariff category and on the interpretation which should be accorded the term "installation" in a tariff ap-

proved by the Michigan Public Service Commission (hereinafter "MPSC").

In response to defendant's motion that the MPSC had primary jurisdiction of this matter, Washtenaw Circuit Judge Patrick J. Conlin granted defendant's motion for accelerated judgment, GCR 1963, 116.1(2), reasoning that, under the doctrine of primary jurisdiction, the MPSC was better qualified to interpret the meaning to be given to "installation" in defendant's ratebook and, further, that "[t]he interest of maintaining a cohesive administrative scheme and coordinating the work of the agency and the courts is likewise served by placing this case before the MPSC". The court's order of July 5, 1978, also provided that the court would retain jurisdiction and that, pending the MPSC determination, the prevailing party could apply to the court for a judgment in its favor.

On June 12, 1979, the MPSC issued its opinion and ordered (1) that defendant refund $442,878.94 in overcharges to plaintiff; (2) that defendant place two of plaintiff's installations under the "general service rate" D-3; and (3) that defendant refund to plaintiff the amount of overcharges resulting from defendant's charging plaintiff at the "primary supply rate" from November 22, 1978, through the effective date of this order. Defendant had complied with the relief awarded in the MPSC order by the end of July, 1979.

On July 30, 1979, plaintiff filed a motion in Washtenaw Circuit Court to obtain judgment, which was granted on September 17, 1979, providing for the relief outlined in the MPSC order. Plaintiff appeals from the trial court's refusal to award interest on the judgment pursuant to MCL 600.6013; MSA 27A.6013. Defendant cross-appeals

the trial court's denial of its motion to dismiss based on its prior compliance with the MPSC order.

We find that the circuit court's order, though mistakenly called an "accelerated judgment", properly retained jurisdiction of plaintiff's claim of damages pending the decision of the MPSC on the issues requiring the agency's expertise. See *United States v Michigan National Corp,* 419 US 1, 4; 95 S Ct 10; 42 L Ed 2d 1 (1974), *Atlanta Gas Light Co v Federal Power Comm,* 476 F2d 142, 150-151 (CA 5, 1973), *Grevers v Michigan Bell Telephone Co,* 18 Mich App 422, 425; 171 NW2d 476 (1969).

However, we cannot envision any policy or other reason for denying plaintiff statutory interest on the judgment under MCL 600.6013; MSA 27A.6013. As we have already held that the circuit court had jurisdiction of this action and that following the agency determination it entered judgment in conformity with the MPSC award of damages, there was a judgment rendered in plaintiff's favor. As such, plaintiff was entitled to recover interest, and the trial court's finding to the contrary constituted clear error.

Affirmed in part but remanded for amendment of the judgment to provide for the payment of interest from the date of the complaint to the date the defendant paid the overcharges to plaintiff.