## ROSSBACH v. CONTINENTAL INS. CO. OF NEW YORK.

1. INSURANCE—CANCELLATION OF POLICY—NOTICE—VENDOR AND PURCHASER—PRESUMPTION.

Vendor under land contract who had possession of insurance policy from time of issuance is presumed to have known terms and conditions of policy and that it could be cancelled by insurer on five days' notice to insured named therein, the purchaser (3 Comp. Laws 1929, § 12572).

2. SAME—CANCELLATION OF PORTION OF POLICY.

Upon return to named insured of unearned premium on portion of fire insurance policy cancelled by insurer, latter's maximum liability is only for balance for which premium had been paid.

3. SAME—REFORMATION OF INSTRUMENTS.

While omission to incorporate a provision in fire insurance policy will be deemed a waiver and estop insurer from relying on such a provision to defeat an action by the insured, where insured desires to incorporate an omitted provision in such policy as basis for recovery his remedy is reformation in court of equity, since policy cannot be reformed in action at law.

4. SAME—MERGER OF ORAL AGREEMENT—VENDOR AND PURCHASER—
ASSIGNMENTS—CANCELLATION OF POLICY.

   Oral agreement between land contract vendor and insurer's agent
   relative to fire insurance coverage became merged in policy of
   insurance and, by reason of purchaser's assignment to vendor,
   latter stands in place of purchaser, named as insured, and who
   received portion of unearned premium upon cancellation of part
   of policy.

5. SAME—INTEREST ON LOSS—TENDER.

   Maximum liability of insurer, which originally issued policy for
   $3,000 on a house, subsequently wrote additional $100 to cover
   chicken coop and later cancelled $1,000, is $2,000 for loss of
   house hence where insurer made qualified tender of but $1,900,
   interest must be computed.

6. COSTS—INSURANCE—BOTH PARTIES PREVAILING IN PART.

   In action at law on policy of fire insurance where both parties
   prevail in part on appeal, no costs are awarded.

Appeal from Washtenaw; Sample (George W.), J.
Submitted April 8, 1936. (Docket No. 3, Calendar
No. 38,681.) Decided June 11, 1936.

Assumpsit by Charles Rossbach against Conti-
nental Insurance Company of the City of New York
on a fire insurance policy. Judgment for plaintiff.
Defendant appeals. Modified and affirmed.

*John P. Kirk,* for plaintiff.

*Smith, Searl & Strawhecker,* for defendant.

BUSHNELL, J. A Michigan standard fire insur-
ance policy, in the sum of $3,000, covering a dwelling
house, was issued September 26, 1932, by defendant
insurance company to Oscar Hosmer and Cora Hos-
mer. The policy recited:

"Loss, if any, to be adjusted only with the in-
sured named herein and payable to the insured and
Charles Rossbach, mortgagee, as their respective

interests may appear, subject, nevertheless, to all the terms and conditions of the policy.''

By indorsement thereon, November 3, 1932, $100 was added to the coverage to include a new chicken house and the company received an additional premium therefor of 95 cents. On June 18, 1934, defendant's agent notified Hosmer that because of lowered building costs, it was necessary to reduce the amount of insurance on the dwelling house and defendant claims that an indorsement covering this reduction was delivered to Hosmer, a copy of which is shown in the record. The proofs are that the company paid Hosmer a return premium of $4.04. After the death of Mrs. Hosmer the dwelling house was completely destroyed by fire September 24, 1934. Hosmer's interest in the proceeds of the policy was subsequently assigned to plaintiff who had demanded payment of $3,000. Defendant does not rely upon the misnomer of the parties in the policy and admits that, in fact, Rossbach was the vendor and the Hosmers were his vendees under a land contract covering the premises.

Defendant refused to pay more than $1,900 on the loss of the dwelling house and plaintiff brought suit upon a claimed oral agreement with defendant's former agent Gallup to protect Hosmer's interest in the property. He alleges that all premiums were paid by him, admits possession of the policy from the time of its issuance and denies any knowledge of the reduction by the insurer in the amount thereof. Hosmer testified that he received some kind of a paper stating that the policy was cut to $1,900 and his sister-in-law, who was called as a witness for defendant, testified that Bernie Rossbach, brother of the plaintiff, who acted for him in some particulars, was informed at the time by Hosmer of this reduction.

The trial court, sitting without a jury, found that the contract was for $3,000, that notice of reduction of liability had not been given to Rossbach, and therefore entered a judgment for plaintiff in the sum of $3,008.71, the odd amount presumably covering interest.

Appellee's brief neither contains a statement of the questions involved nor does it indicate acceptance of appellant's statement of such questions. Court Rule No. 68 (1933).

The mistake or misnomer in the policy was not questioned by plaintiff during the two years preceding the loss. He must therefore be presumed to have known the terms and conditions of the policy and that the company might cancel at any time by giving a five days' written notice of such cancellation to the insured, Hosmer. 3 Comp. Laws 1929, § 12572. The cancellation clause of the policy reads:

"This policy shall be cancelled at any time at the request of the insured, in which case the company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by the company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

The question of defendant's right to reduce the amount of the insurance is neither raised by the pleadings nor passed upon by the trial court. Defendant gave notice and returned to Hosmer the unearned premium on the $1,000 so cancelled. Thereafter the obligation of defendant in event of total

destruction of the dwelling house by fire could not exceed $2,000.

Had plaintiff desired reformation of the policy at any time, he would have been obliged to seek this in a court of equity. *Kleis* v. *Niagara Fire Ins. Co.*, 117 Mich. 469, and *Michigan Stamping Co.* v. *Michigan Employers' Casualty Co.*, 235 Mich. 4. He cannot reform the policy in this law action.

" 'There is a clear distinction between the effect of an omission in a policy which the insurer relies on to defeat the action and one which the insured seeks to have incorporated therein as a basis for recovery. As to the former, this court has held that the neglect of the insurer to insert a provision of which its agent was informed at the time the application for insurance was made is, in legal effect, a waiver, and estops it from insisting that its omission constitutes a legal defense to an action on the policy. *Gristock* v. *Royal Ins. Co.*, 87 Mich. 428; *Simpson* v. *Ohio Farmer's Ins. Co.*, 184 Mich. 547. As to the latter, we are of the opinion that the policy must be reformed in order for the insured to obtain the benefit of such an omission.' " *Stone* v. *Harris*, 265 Mich. 195.

The oral agreement between plaintiff and defendant's former agent Gallup was merged in the policy of insurance, *Kleis* v. *Niagara Fire Ins. Co.*, *supra*, and plaintiff's right to recover must be based thereon, he now standing in the shoes of Hosmer by reason of the assignment. He cannot recover upon the oral contract, because it no longer exists.

Defendant admitted an obligation under the policy of $1,900. This, however, is contrary to its terms; the company received a premium payment for $3,000 of insurance in the first instance and for an additional $100 in the second. The return of an un-

earned premium on $1,000 and the cancellation of this amount of the policy left $2,100 in force at the time of the loss. No loss, however, occurred on the chicken house and defendant's maximum liability was therefore $2,000.

In its answer defendant admitted a willingness to pay $1,900, but not having made an unqualified tender, interest must be computed. *Cowles* v. *Marble,* 37 Mich. 158; *Leonard* v. *Woodruff,* 259 Mich. 434, and 3 Comp. Laws 1929, §§ 14267–14271.

The trial court, sitting without a jury, was in error when it returned a verdict in a greater sum than $2,000 plus interest. The judgment entered on the verdict is set aside and the cause remanded for the entry of judgment of $2,000 plus interest. Both parties having prevailed in part, no costs will be allowed.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.