CURTIS *v.* DEARBORN NATIONAL INSURANCE COMPANY.

1. REFORMATION OF INSTRUMENTS—INSURANCE POLICY—ACTION AT LAW.

   Reformation of an insurance policy may not be had in an action at law by the insured on the policy.

2. INSURANCE—MERGER OF PRELIMINARY DISCUSSIONS AS TO COVERAGE.

   Discussions relative to insurance coverage between a prospective insured and the insurer's agent become merged in the policy when issued.

3. SAME—ORAL UNDERSTANDING CONTRARY TO POLICY.

   An insurer may not rely on any oral understanding contrary to the insurance policy as a defense thereto.

4. SAME—COLLISION COVERAGE—UNINCLUDED DISTANCE RESTRICTIONS.

   An insurer under an automobile insurance policy covering collision damage to a tractor may not, in insured's action at law, rely upon an omission in the policy relating to 50-mile distance restriction on operations from given point in action for collision damage within such distance but while it was being operated between 2 points farther than 50 miles from such point.

5. SAME—AUTOMOBILES—COLLISION COVERAGE—FAILURE TO COMPLY WITH STATUTE.

   An insurer under an automobile insurance policy may not rely on its own failure to comply with statutory provisions in drafting policy by failure to insert distance restrictions in policy, notwithstanding premium paid was for restricted operation of tractor covered as to collision risk (CL 1929, § 12282; CL 1948, § 514.9).

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance, § 255.
[1] Reformation as condition of assertion of right of action or defense predicated on the true contract differing from that evidenced by the written instrument; and right to both reformation and other relief in same action or suit.  66 ALR 763.
[2–5] 29 Insurance, § 1500 *et seq.*

6. SAME—SUBSEQUENTLY-ISSUED POLICY—DEFERRAL OF JUDGMENT—
CONSOLIDATION OF CASES.

> Defendant insurer may not defer determination of its liability
> in action by insured until after determination of another
> insurer's liability for the same damage under policy of au-
> tomobile insurance issued subsequently to that of defendant's,
> where plaintiff had sought to consolidate the two actions
> but defendant successfully objected thereto.

Appeal from Jackson; Simpson (John), J. Sub-
mitted January 11, 1951. (Docket No. 77, Calendar
No. 44,826.) Decided March 1, 1951.

Action by James Curtis and another against Dear-
born National Insurance Company for amount due
under insurance policy. Judgment for plaintiffs. De-
fendant appeals. Affirmed.

*John S. Denton,* for plaintiffs.

*Kleinstiver & Anderson,* for defendant.

SHARPE, J. This is an appeal from a judgment in
favor of plaintiffs in an action to recover for col-
lision loss to a tractor under an insurance policy
issued by defendant to plaintiff James Curtis as
owner, with loss clause in favor of plaintiff bank
as holder of a chattel mortgage on the tractor. The
amount of damage was stipulated at $700.

The policy was issued April 16, 1947, and contains
no reservations as to where the tractor might be used.
On or about November 24, 1947, plaintiff's tractor
collided with an automobile at a point on M-112,
approximately 48 miles from the city of Jackson
and at a time when plaintiff was operating his trac-
tor between Chicago and Detroit. At the time the
policy was issued, plaintiff was employed by Con-
solidated Freight Company doing pickup and de-
livery required at Jackson and within 50 miles

radius of Jackson. In September, 1947, plaintiff discontinued his employment with Consolidated Freight Company and made other arrangements with Long Transportation Company using his tractor for trucking operations between Detroit and Chicago.

The trial court entered judgment for plaintiffs from which defendant appeals and urges that the insurance coverage was limited to short-haul or 50-mile radius operations only for which premiums were charged and paid; and that if the policy covered liability for a long haul, then plaintiffs were liable for the additional premiums, the amount of which defendant was entitled to set off against plaintiffs' claim. It is urged by plaintiffs that defendant insurance company is bound by the terms of the contract of insurance in an action at law upon the policy, and its failure to insert the 50-mile radius provision or deductible provisions is, in legal effect, a waiver and estops it from insisting that its omission constitutes a legal defense to an action on the policy.

We note that defendant insurance company did not seek reformation of the policy at any time. Such policy cannot be reformed in a law action. See *Rossbach* v. *Continental Ins. Co. of New York,* 276 Mich 122. The policy contained no restrictions that the tractor was to be used only within a 50-mile radius of Jackson. Whatever discussion there may have been about distance restrictions between plaintiff Curtis and the agent of the insurance company was merged in the policy of insurance. See *Kleis* v. *Niagara Fire Ins. Co.,* 117 Mich 469. It follows that defendant insurance company may not rely on any oral understanding contrary to the insurance policy as a defense.

In *Michigan Stamping Co.* v. *Michigan Employers' Casualty Co.,* 235 Mich 4, 14, we said:

"There is a clear distinction between the effect of an omission in a policy which the insurer relies on to defeat the action and one which the insured seeks to have incorporated therein as a basis for recovery. As to the former, this Court has held that the neglect of the insurer to insert a provision of which its agent · was informed at the time the application for insurance was made is, in legal effect, a waiver and estops it from insisting that its omission constitutes a legal defense to an action on the policy. *Gristock* v. *Royal Ins. Co.*, 87 Mich 428; *Simpson* v. *Ohio Farmer's Ins. Co.*, 184 Mich 547. As to the latter, we are of the opinion that the policy must be reformed in order for the insured to obtain the benefit of such an omission."

In the case at bar, defendant seeks to rely on an omission in the policy relating to distance restrictions as a defense. Under the above authority he may not do so.

Defendant also urges that the insurance contract being subject to statutory regulations, the policy by its terms must be amended to conform to the Michigan statutes and in such case the rate paid would only relate to short-haul trucking operations or operations within a radius of 50 miles. In the case at bar the insurance company failed to insert the 50-mile radius clause and the proper amount of the premium to be paid for long-haul trucking. In our opinion defendant may not profit by its failure to comply with the statutory provisions.* See *Deland* v. *Fidelity Health & Accident Mutual Ins. Co.*, 325 Mich 9.

It appears that subsequent to the issuance of the above policy, plaintiff had issued to him a policy covering long-haul insurance coverage with the Fireman's Fund Insurance Company and there is now

---

* See CL 1929, § 12282; CL 1948, § 514.9 (Stat Ann §§ 24.60, 24.-173).—REPORTER.

pending in the circuit court of Jackson county an action between plaintiff and the above company for indemnity for collision loss to plaintiffs' tractor. Defendant urges that plaintiffs are not entitled to a judgment in advance of determination of the liability of the Fireman's Fund Insurance Company for the same damage. It also appears that prior to trial in the case at bar, plaintiff James Curtis filed a motion to consolidate both actions to which defendant objected claiming that each defendant had different defenses in the matter. We are not in accord with defendant's present claim. It had an opportunity to have its liability considered simultaneously with the Fireman's Fund Insurance Company. It did not take advantage of the opportunity. It is now too late to complain.

The judgment is affirmed, with costs to plaintiffs.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.