WHITNEY v ALLSTATE INSURANCE COMPANY

1. APPEAL AND ERROR—PLEADING—SUMMARY JUDGMENT.

The Court of Appeals accepts a plaintiff's well-pleaded complaint and affidavit as true when reviewing a summary judgment order.

2. INSURANCE—AUTOMOBILES—INTEREST—STATUTES.

A statutory provision (now repealed) that required certain minimum coverages for automobile insurance policies, exclusive of interest and costs, did not require a provision for interest in the policies (MCLA 257.504[d]; MSA 9.2204[d]).

3. INTEREST—INSURANCE—BREACH OF CONTRACT.

An allowance of interest is proper where an insurance company has breached the insurance contract by wrongfully withholding payment.

4. ARBITRATION AND AWARD—INSURANCE—INTEREST—UNPAID PROCEEDS—GOOD FAITH DISPUTE.

Interest does not accumulate upon an unpaid claim for insurance proceeds where the parties have agreed to arbitrate insurance disputes and there is a good faith dispute concerning the amount of loss payable.

5. INSURANCE—AUTOMOBILES—INTEREST—DISPUTED LIABILITY.

Interest accumulates upon an unpaid claim for automobile insurance proceeds where the insurer has wrongfully withheld payment, where the insurer's liability, not the amount of the loss, is in dispute, and where the amount of the loss is liquidated,

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 1053.

[2] 7 Am Jur 2d, Automobile Insurance § 98 *et seq.*

[3] 43 Am Jur 2d, Insurance §§ 488, 500.

[4] 44 Am Jur 2d, Insurance §§ 1654, 1658.

[5] 7 Am Jur 2d, Automoible Insurance § 190.

Test or criterion of "actual cash value" under insurance policy insuring to extent of actual cash value at time of loss. 61 ALR2d 711.

[6] 5 Am Jur 2d, Arbitration and Award § 167 *et seq.*

[7] 43 Am Jur 2d, Insurance § 1706.

known, or easily ascertained at the time liability is denied; the
interest begins to accrue upon the insurer's denial of liability.

6. ARBITRATION AND AWARD—QUESTIONS DECIDED—PRESERVING QUES-
   TION.

   A party to an arbitration proceeding may challenge an issue
   which the arbitrators failed to decide.

7. INSURANCE—TENDER OF PROCEEDS—WAIVER OF INTEREST.

   An insurance company's tender of money to its insured, condi-
   tioned upon a waiver of interest, does not stop interest from
   accumulating because the tender is qualified and therefore
   ineffective.

Appeal from Wayne, Richard M. Maher, J. Sub-
mitted October 9, 1975, at Detroit. (Docket No.
22726.) Decided December 3, 1975. Leave to appeal
denied, 396 Mich —.

Complaint by Doris Whitney, administratrix of
the estate of Howard C. Whitney, against Allstate
Insurance Company for a declaratory judgment to
determine that she is entitled to interest on an
arbitration award. Summary judgment for defend-
ant. Plaintiff appeals. Reversed and remanded for
a determination of interest.

*Goodman, Eden, Millender, Goodman & Bedro-
sian* (by *Robert A. Koory* and *Richard A. Soble),*
for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward &
Cooper, P. C.* (by *Richard L. Lehman),* for defend-
ant.

Before: J. H. GILLIS, P. J., and BRONSON and
T. M. BURNS, JJ.

BRONSON, J. Plaintiff appeals the Wayne County
Circuit Court's order of December 16, 1974, grant-
ing defendant's motion for summary judgment in a
suit brought to recover interest on an arbitrators'

award of $30,000. We reverse the order of summary judgment and remand for a determination of interest due.

Plaintiff is the administratrix of the estate of her deceased husband, killed in an automobile accident December 15, 1967, caused by an uninsured motorist. At the time of the accident, deceased was covered by three insurance policies issued by defendant Allstate. Plaintiff and defendant, unable to agree on the merits of plaintiff's claims under the uninsured motorist provisions of the policies, submitted the dispute to arbitration, pursuant to the contracts' provisions.

According to affidavits filed by plaintiff in response to the summary judgment motion, "defendant stipulated that the amount to be awarded plaintiff, exclusive of her claim for interest, upon a finding of liability, should be $30,000". The arbitration was held to determine liability. According to plaintiff's complaint, the arbitrators, during the February 6, 1974 arbitration, "deferred the interest question", awarded $30,000 to plaintiff, and later refused to reconvene arbitration to consider an award of interest. In reviewing the summary judgment order, we accept plaintiff's well-pleaded complaint and affidavit as true. *McCann v Michigan,* 47 Mich App 326; 209 NW2d 456 (1973).

In March, 1974, defendant tendered plaintiff the amount of the award, conditioned on plaintiff's waiving all claims to interest. Plaintiff refused this conditional tender and instituted a suit for declaratory judgment, seeking interest on the award. Defendant sought and was granted a summary judgment, the trial judge concluding that (1) the insurance policy did not authorize interest, (2) interest could not accrue because the claim was not liquidated, and (3) plaintiff waived her claim to

interest by agreeing to the arbitrators' deferral of the issue.

We must first determine if there is ever any basis for awarding interest on unpaid insurance claims. Plaintiff advances two origins of the right to interest, one statutory, and the other arising out of breach of contract theories.

Her statutory argument is that MCLA 257.504(d); MSA 9.2204(d) (now repealed),[1] required that an insurance policy provide interest. The statute read, in pertinent part:

"Every such policy or bond is subject to a limit, *exclusive of interest and costs,* of not less than $10,000.00 because of bodily injury to or death of 1 person in any one accident, and, subject to said limit for 1 person, to a limit of not less than $20,000.00 because of bodily injury to or death of 2 or more persons in any one accident, and to a limit of not less than $5,000.00 because of injury to or destruction of property of others in any accident." (Emphasis added.)

We disagree with plaintiff. The statute did not imply that interest must be provided in a policy; it only required that, if interest were written into the contract, it could not count as part of the $10,000 minimum coverage.

Plaintiff's second argument is sounder. The deceased's policies contained no provision for interest within the "Damages for Bodily Injury Caused by Uninsured Automobiles" clauses. There is no claim under the provisions of this contract for interest on unpaid claims. However, where the insurance company has breached the insurance contract by wrongfully withholding payment, an allowance of interest to the beneficiary is proper.

[1] Repealed by 1971 PA 138, § 2.

*Cree Coach Co v Wolverine Insurance Co,* 366 Mich 449; 115 NW2d 400 (1962).

Defendant does not dispute the precise holding of *Cree Coach,* but argues that it is inapplicable in cases where the parties have contracted for settlement of disputes by arbitration. Defendant contends that, until arbitration procedures are exhausted, there can be no breach of the contract and, hence, no accumulation of interest. Defendant contends that its prompt tender of the arbitrators' award was all that was required.

The argument is not without merit, but we adopt a narrower rule than appellee proposes. We hold that where parties have agreed to arbitrate insurance disputes, no interest can accumulate on unpaid claims if there is a good faith dispute concerning the amount of loss payable. Interest can accumulate only when liability, not the amount owed, is contested. We reach this conclusion by analysis of the limited authority available on the question of interest on arbitrable insurance claims and by consideration of recent Michigan cases dealing with interest.

One treatise states:

"Where a fire insurance policy provides for an appraisal or arbitration *in case the parties should disagree as to the amount of loss payable thereunder,* and the insurer avails itself reasonably of its right to request appraisal or arbitration, interest on the principal payable under the policy does not run until the appraisal or arbitration award has been made." Couch on Insurance, 2d, § 54:205 (1966), citing *Schrepfer v Rockford Insurance Co,* 77 Minn 291; 79 NW 1005 (1899). (Emphasis added.)

The excerpt suggests that if liability, not the amount of the loss, is in dispute, interest is due

from some point prior to the arbitration proceedings. Accord, *Craigie v Firemen's Insurance Co*, 191 F Supp 710 (D Minn, 1961). The amount of the loss must be liquidated, known, or easily ascertained at the moment liability is denied for interest to be properly awarded. *Cree Coach, supra*, 366 Mich 449, 463. In the present case, the defendant's stipulation satisfies the requirement of exactitude of amount of loss.

The trial judge held that plaintiff's agreement to defer the question of interest was a waiver of whatever rights to interest she possessed. We disagree. Plaintiff never abandoned her argument, but, according to the record before us, only agreed to defer her argument. When she sought to reconvene the arbitration, she was rebuffed. The arbitrators have never considered this question. They have never reached a decision. Plaintiff can appeal an issue if the arbitrators did not decide the issue. *Nickerson v Citizens Mutual Insurance Co*, 393 Mich 324; 224 NW2d 896 (1975).

There remains to be resolved the time from which interest begins to run and the time, if any, at which interest ceases to accumulate. We believe that interest commences, in this case, upon the company's denial of liability.

Other courts have chosen among the following events for commencing interest: (1) verdict, judgment, or arbitrator's award; (2) date of the accident; (3) a contractual period after submission of proof of loss; (4) commencement of an action on the claim; (5) date of proof of loss; and (6) date of denial of liability. Annot., 154 ALR 1356, 1368–1385 (1945).

We have previously discussed why we decline to accept the date of arbitration as the commencement date. We also decline to accept the date of

the accident in this case, for the contract required, as a condition to recovery, that the plaintiff submit proof of loss. The contract did not, however, give the insurer a period of grace following submission of proof of claim of loss, hence we cannot select a particular grace period for our measuring point. There is some Michigan precedent for commencing interest with the commencement of the action. *Marthinson v North British & Mercantile Insurance Co,* 64 Mich 372, 385; 31 NW 291 (1887). However, in that case, there was a dispute over the amount of the loss; the previously stated rule that there must be a liquidated or easily ascertainable claim explains the *Marthinson* holding.

We decline to accept the date of submission of proof of loss as the benchmark, because the insurer must be given a reasonable time to respond to the proofs before it can be held to have breached the contract by non-payment.

We select the date that liability is denied as the moment when interest commences. It is at that moment when the insurer wrongfully withholds payment and commences use of the sum to its own advantage. This approach seems sensible and draws support from *Cree Coach, supra,* 366 Mich 449, 463.

Defendant urges us to hold that interest stopped accumulating when plaintiff was offered $30,000, conditioned on a waiver of interest. The argument fails, for if tender is qualified, it is ineffective. *Kaiser v Weber,* 301 Mich 609, 616; 4 NW2d 29 (1942). If tender is qualified, interest may continue to accumulate. *Rossbach v Continental Insurance Co,* 276 Mich 122, 127; 267 NW 802 (1936).

We are convinced that this rule of law is just. As was stated in *Banish v Hamtramck,* 9 Mich App 381, 400; 157 NW2d 445 (1968):

"The allowance of interest here would not result in more than full compensation. It is apparent that not to allow interest would be to deny full compensation. As a result of the delay in payment, the defendant * * * has had the use of plaintiff's money * * * and [plaintiff has] been denied the use of those funds."

We remand to the trial court for a determination of interest.

Judge GILLIS concurs in the opinion except as to the date of commencement of interest. Judge GILLIS would award plaintiff interest from the date of the accident.