OSINSKI v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

1. INTEREST—JUDGMENT—STATUTES—EXPRESS PROVISIONS.

Some statutory authority must authorize interest on a judgment if it is to be allowed, but it may be allowed even where no express statutory provision can be invoked.

2. INTEREST—MONEY JUDGMENT—STATUTES—ARBITRATION AWARDS—CIVIL ACTIONS.

The statute authorizing a court to allow interest on a money judgment recovered in a civil action does not apply to an arbitration award because such proceedings are not the equivalent of a civil action (MCLA 600.6013; MSA 27A.6013).

3. INTEREST—ARBITRATION AWARDS—CONTRACTS—RATE OF INTEREST—STATUTES—DATE OF AWARD.

An insurance arbitration award arises out of contract and interest on such awards is allowed by statute at the rate of 5% per annum from the date of the arbitration award (MCLA 438.7, 438.31; MSA 19.4, 19.15[1]).

Appeal from Wayne, Nathan J. Kaufman, J. Submitted June 1, 1976, at Detroit. (Docket No. 22319.) Decided June 14, 1976.

Complaint by Dale Edward Osinski against the Detroit Automobile Inter-Insurance Exchange for confirmation of an arbitration award under a policy of automobile insurance. Judgment for plaintiff. Defendant appeals. Judgment modified and affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Interest and Usury §§ 60, 97.
[2] 45 Am Jur 2d, Interest and Usury §§ 344, 345.
[3] 45 Am Jur 2d, Interest and Usury §§ 73-75.

*Richard R. Barr,* for plaintiff.

*Edmund P. Arbour,* for defendant.

Before: Quinn, P. J., and D. F. Walsh and A. M. Bach,* JJ.

D. F. Walsh, J. Defendant insurance company appeals as of right from a judgment of the Wayne County Circuit Court confirming an arbitration award in the amount of $60,000. The plaintiff suffered personal injuries as a result of a motor vehicle-motorcycle accident some time prior to September 28, 1973. Unable to reach a settlement with the defendant, the plaintiff on that date filed a demand for arbitration, pursuant to the contract of insurance between the parties; and on July 18, 1974, a three-member panel of the American Arbitration Association awarded the plaintiff $60,000. The defendant agreed to pay this amount but refused to pay interest thereon or the costs of arbitration.

Plaintiff then filed a motion to confirm the arbitration award in Wayne County Circuit Court, under the provisions of GCR 1963, 769, seeking affirmance of the award and an order requiring defendant to pay interest from the date of filing of the demand for arbitration, as well as the costs incident thereto.

The trial court entered a judgment granting the relief sought by the plaintiff. In a written opinion the court held that the interest on judgment statute, MCLA 600.6013; MSA 27A.6013, applies to arbitration awards confirmed by the circuit court.

Section 6013, *supra,* provides in pertinent part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year".

The allowance of interest is said to be "purely statutory", which means that if it is to be allowed at all, some statutory authority must authorize it. *Motyka v Detroit, G H & M R Co,* 260 Mich 396, 398; 244 NW 897 (1932).

By its express terms § 6013 applies only to a money judgment recovered in a "civil action" and permits interest to accrue from the date of filing the complaint. A civil action is commenced only "by filing a complaint with the court". GCR 1963, 101, MCLA 600.1901; MSA 27A.1901. In the instant case the arbitration proceedings were instituted by a filing of a claim for arbitration with the insurance company—not a complaint with the court. The pre-circuit court proceedings simply were not the equivalent of civil action, and therefore § 6013 does not authorize the payment or receipt of interest on an arbitration award entered prior to the filing of a complaint with the circuit court. On that ground, *Waldrop v Rodery,* 34 Mich App 1; 190 NW2d 691 (1971), was properly distinguished by the trial court. The arbitration proceedings in *Waldrop* occurred after the filing of a complaint in circuit court as an alternate means of determining only the amount of damages.

Although the trial court erred in applying § 6013, we think MCLA 438.7; MSA 19.4, authorizes the interest awarded herein. That section provides in full:

*"In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of*

*either party, by* verdict, report of referees, *award of arbitrators,* or by assessment made by the clerk of the court, or by any other mode of assessment according to law, *it shall be lawful,* unless such verdict, report, award, or assessment shall be set aside, *to allow and receive interest upon such amount so ascertained or liquidated,* until payment thereof, or *until judgment shall be thereupon rendered;* and in making up and recording such judgment the interest on such amount shall be added thereto, and included in the judgment." (Emphasis supplied.)

The statute has been applied in workmen's compensation cases on the ground that the right to an award arises out of contract, statutorily imposed, between the worker and the employer. *Wilson v Doehler-Jarvis Division of National Lead Co,* 358 Mich 510; 100 NW2d 226 (1960). As such, interest was allowed in the *Wilson* case under § 438.7, *supra,* from the date the claim should have been paid.

*Wilson* was recently given approval in *Solakis v Roberts,* 395 Mich 13; 233 NW2d 1 (1975), which limited the rate of interest recoverable on a workmen's compensation claim to 5%. The *Wilson* court reaffirmed the principle that although interest is purely statutory, it may be allowed even where no express statutory provision could be invoked. *Solakis, supra,* at 18. And since § 438.7 determines the right to interest, MCLA 438.31; MSA 19.15(1) fixes the rate at 5% per annum.

On July 18, 1974, the arbitrators in the instant case determined that the plaintiff suffered $60,000 in damages as a result of an accident involving an uninsured motorist. On that date the defendant became contractually obligated to the plaintiff in that amount. Section 438.7 provides that it "shall be lawful * * * to allow and receive interest" upon an amount of money ascertained by award of

arbitrators. Therefore the date interest begins to accrue for purposes of determining interest under this statute, is the date of the arbitration award and not the date of filing of the demand for arbitration. Furthermore, § 438.31 limits the interest rate on such an amount to 5%.

Accordingly, pursuant to GCR 1963, 820.1(7), we amend the judgment of the circuit court to provide for the payment by the defendant of interest on the arbitration award from the date the award was made at 5% per annum. In all other respects the judgment of the circuit court is affirmed. No costs, neither party having fully prevailed.