REINSHUTTLE v AETNA LIFE & CASUALTY INSURANCE
COMPANY, INC.

1. INTEREST—ARBITRATION AWARDS—DATE OF AWARD—STATUTES—IN-
SURER—INSURED.

Interest on an arbitration award, in a dispute between an insured
and an insurer, is payable at the rate of 5 percent per annum
commencing on the date of the award (MCLA 438.7, 438.31;
MSA 19.4, 19.15[1]).

2. INTEREST—ARBITRATION AWARDS—INSURER—INSURED—DENIAL OF
LIABILITY—DATE OF AWARD—DATE OF DENIAL.

Interest on an arbitration award, in a dispute between an insured
and an insurer, can commence at an earlier date than the date
of the arbitration award if the insurance company wrongfully
denied liability on the claim and the amount of liability was at
that time liquidated, known or easily ascertainable; in such
case the interest may begin to accrue upon the insurer's denial
of liability.

3. INTEREST—ARBITRATION AWARDS—INSURED—INSURER—DATE OF
AWARD—GOOD FAITH DISPUTE—DATE OF DENIAL.

Interest on an arbitration award in a dispute between an insured
and an insurer, is payable from the date of the arbitration
award where there was a good faith dispute concerning the
amount of loss payable on the claim; where the insurer denied
liability altogether or challenged both its liability and the
amount payable interest should be awarded commencing on the
date of such denial of liability, if the amount of the loss was
liquidated, known or easily ascertainable at that time.

Appeal from Saginaw, Hazen R. Armstrong, J.
Submitted April 7, 1976, at Lansing. (Docket No.
25263.) Decided October 20, 1976.

Complaint by Josephine Reinshuttle, for herself

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages §§ 182, 188.
[2, 3] 22 Am Jur 2d, Damages § 183 et seq.

and as mother of William Nyman, a minor, for confirmation of an arbitration award under a policy of automobile insurance and for the addition of interest to the award. Arbitration award confirmed but addition of interest denied. Plaintiffs appeal. Order denying interest set aside and case remanded.

*Van Benschoten & Van Benschoten, P. C.,* for plaintiffs.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Thomas F. James* and *E. Louis Ognisanti),* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. In 1972 plaintiffs were involved in an automobile accident with an uninsured motorist. They sought recovery from their automobile insurer, and arbitration between the plaintiffs and their insurer ensued. In June of 1975, plaintiffs filed motions in circuit court to confirm the arbitration award of $4,343.24. Plaintiffs also sought an award of interest on the award at 6 percent per annum from the date of the accident. Defendant denied that plaintiffs were entitled to interest on the award. The circuit court issued an order confirming the arbitration award but denying plaintiffs' motion for the addition of interest.

Plaintiffs allege on appeal that the trial court erred in refusing to order the defendant to pay interest on the arbitration award. Defendant denies that interest is awardable.

Interest on the arbitration award is payable at the rate of 5 percent per annum commencing on the date of the arbitration award. MCLA 438.7;

MSA 19.4, *Osinski v Detroit Automobile Inter-Insurance Exchange,* 69 Mich App 426; 245 NW2d 76 (1976).

Interest on the arbitration award can commence at an earlier date if the insurance company wrongfully denied liability on the claim and the amount of liability was at that time liquidated, known or easily ascertainable. *Whitney v Allstate Insurance Co,* 66 Mich App 74; 238 NW2d 410 (1975). If such was the case, the interest began to accrue upon the insurer's denial of liability. *Whitney, supra.*

The trial court erred reversibly in denying interest on the arbitration award. Plaintiffs are entitled to the statutory interest at least. Whether plaintiffs are entitled to interest commencing at an earlier date, that is, the date the insurer denied liability, depends upon the nature of the issue submitted to arbitration. If there was a good faith dispute concerning the amount of loss payable on the claim interest shall be payable only from the date of the arbitration award. If the insurer denied liability altogether or challenged both its liability and the amount payable interest shall be awarded commencing on the date of such denial of liability, if the amount of the loss was liquidated, known or easily ascertainable at that time.

That portion of the lower court order denying interest is set aside. This cause is remanded for further proceedings during which the trial court shall determine the date interest properly began to accrue in accordance with this opinion. We do not retain jurisdiction. Costs of this appeal to the plaintiffs.