BORGESS HOSPITAL v BERRIEN COUNTY

Docket No. 54276. Submitted January 8, 1982, at Grand Rapids.—
Decided March 18, 1982.

Richard Mielke was injured while he was incarcerated in the
Berrien County jail. After his release from custody he was
treated for the injuries at Borgess Hospital. Borgess brought an
action against Berrien County, seeking payment of the expen-
ses incurred by Mielke. The Berrien Circuit Court, William S.
White, J., affirmed the district court's grant of summary judg-
ment in favor of the county. Borgess Hospital appeals by leave
granted. *Held:*

A county is not responsible for providing continued medical
care for a jail inmate after he is discharged from custody,
regardless of whether his illness or injury preexisted or arose
during the period of incarceration.

Affirmed.

COUNTIES — INMATES — MEDICAL EXPENSES OF INMATES.

A county is responsible for the expenses of maintaining persons
committed to the county jail; however, a county is not responsi-
ble for providing continued medical care for an inmate after he
is discharged from custody regardless of whether the illness or
injury preexisted or arose during the period of incarceration
(MCL 801.4; MSA 28.1724).

*Early, Starbuck & Lennon* (by *J. Richardson
Johnson),* for platiniff.

*John C. Bruha,* Assistant Prosecuting Attorney,
for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and
MacKENZIE, JJ.

REFERENCE FOR POINTS IN HEADNOTE
[1] 60 Am Jur 2d, Penal and Correctional Institutions §§ 16, 52.

Per Curiam. Richard Mielke was injured while incarcerated in the Berrien County jail. After he was discharged from jail he was admitted to Borgess Hospital and treated for the injuries sustained while incarcerated. Borgess brought suit against Berrien County to recover medical expenses incurred by Mielke in the amount of $8,475.99. Borgess's claim was brought under MCL 801.4; MSA 28.1724, which provides:

"Sec. 4. All charges and expenses of safe-keeping and maintaining convicts, and of persons charged with offenses, and committed for examination or trial, to the county jail, shall be paid from the county treasury; the accounts therefor being first settled and allowed by the board of supervisors."

The trial court granted summary judgment in favor of Berrien County on the grounds that Borgess's complaint failed to state a cause of action. GCR 1963, 117.2(1). The basis for the court's ruling was its determination that a county is not liable under MCL 801.4; MSA 28.1724 for medical expenses of a former inmate of the county jail after his discharge from custody. The substantive issue before the court is whether the trial court's ruling was correct. We hold that it was and affirm.

It is Borgess's contention on appeal that when a prisoner is injured while in custody but does not receive required medical treatment until after discharge from custody the county is liable under the statute for the costs of the treatment.

No Michigan case supports this contention.[1] In

---

[1] Appellant cites *Borgess Hospital v Berrien County*, Michigan Court of Appeals, Docket No. 22024, August 18, 1975. This is an unpublished per curiam opinion. It has no precedential value. At any rate it is clearly distinguishable from the case before us here since the injured party in the cited case was in constructive custody during the entire period of time that the medical services were rendered.

fact, we know of no jurisdiction, state or federal, which has held, in interpreting a statute similar to the one under which claim is made in this case, that a county is liable for medical expenses incurred by an inmate after discharge from custody under any circumstances. Nor have precedential decisions from any jurisdiction been brought to our attention by appellant Borgess.[2] To the contrary, to our knowledge, every jurisdiction that has decided the issue or discussed it nondecisionally has ruled or concluded that the government unit's liability does not extend to medical expenses of persons not in custody. *Columbia Hospital of Richland County v United States,* 87 F Supp 535 (ED SC, 1949), *Saxton v Sanborn County,* 76 SD 169; 74 NW2d 843 (1956).

Moreover, the attorney general of this state has reached the same conclusion in a formal opinion. OAG, 1975-1976, No 4957, p 319 (February 25, 1975). In that opinion he states:

"The county is not responsible for providing continued medical care after the inmate is discharged from custody, regardless of whether the illness or injury pre-existed or arose during the period of incarceration." *Id.,* 323.

We are persuaded that this opinion correctly states the law and we so rule. Since our resolution of this issue is dispositive of the appeal, we need not discuss the remaining issues raised and decided in the trial court.

Affirmed. No costs, a public question.

[2] Appellant cites a few cases from other jurisdictions. All of these cases, however, involve prisoners who were in custody but not actually incarcerated in the county jail because of their need for medical care. None had been discharged from custody prior to the time that the medical expenses were incurred.