MOULTRIE v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 60718. Submitted December 7, 1982, at Detroit.—Decided
February 23, 1983.

Mary and John Moultrie were injured in an automobile accident
with an individual named White. The Moultries started an
action in Wayne Circuit Court against White, seeking damages
for injuries caused by the accident. Later, upon learning that
White was uninsured, the Moultries filed a demand for arbitra-
tion of a disputed claim under the uninsured motorist provi-
sions of their insurance policy with Detroit Automobile Inter-
Insurance Exchange (DAIIE). The arbitrators rendered an
award of $11,500 in favor of Mary Moultrie and awarded no
damages to John Moultrie. The Moultries filed motions for an
order confirming the arbitration award and for entry of judg-
ment in Wayne Circuit Court under the docket number of the
White action but naming DAIIE as defendant. Michael J.
Connor, J., granted plaintiffs' motions. The order of judgment
included an award of interest at five percent per annum from
the date DAIIE received the demand for arbitration and an
award of costs. Pursuant to a motion for rehearing, the trial
court amended the order of judgment to provide for interest at
six percent per annum from the date of plaintiffs' filing of their
complaint against White. DAIIE appeals. *Held:*

1. Arbitration awards are subject to the statutory provisions
governing interest on a verdict which limit the award of
interest to five percent per annum from the date of the award.
The statutory prejudgment interest provision is not applicable
to arbitration awards because such provision is applied only to

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Interest and Usury §§ 59, 60, 73, 96, 97.
[2] 44 Am Jur 2d, Insurance § 1553 *et seq.*
  45 Am Jur 2d, Interest and Usury §§ 73, 74.
[3] 20 Am Jur 2d, Courts § 189.
[4] 22 Am Jur 2d, Damages § 264.
Insured's right to recover prejudgment interest on amount of fire
  loss. 5 ALR4th 126.
[5-7] 5 Am Jur 2d, Arbitration and Award §§ 139, 166.

civil actions, which, by definition, are started by the filing of a complaint. The filing of the action against White is ineffective as to DAIIE, which was not a party to that action. The "damages" language in the insurance policy does not create a contractual right to prejudgment interest, since the term "damages" does not include prejudgment interest.

2. the costs of an arbitration proceeding may be taxed as allowable costs by the prevailing party along with the costs incurred in the circuit court in the confirming of the arbitration award and the reducing of the award to a judgment.

Reversed in part and affirmed in part.

D. F. WALSH, J., concurred in part and dissented in part. He concurred in the determination with respect to prejudgment interest but dissented from the determination as to the taxation of the costs incurred by the prevailing party in the arbitration proceedings. He would hold that there is no statutory or court rule authority to tax the parties' arbitration proceedings costs as part of the circuit court judgment on the arbitration award.

### OPINION OF THE COURT

1. INTEREST — MONEY JUDGMENT — STATUTES — ARBITRATION AWARDS — CIVIL ACTIONS.

The statute authorizing a court to allow interest on a money judgment recovered in a civil action does not apply to an arbitration award because such proceedings are not the equivalent of a civil action (MCL 600.6013; MSA 27A.6013).

2. INTEREST — ARBITRATION AWARDS — DATE OF AWARD — STATUTES — INSURER — INSURED.

Interest on an arbitration award, in a dispute between an insured and an insurer, is payable at the rate of five percent per annum commencing on the date of the award (MCL 438.7, 438.31; MSA 19.4, 19.15[1]).

3. COURTS — COURT OF APPEALS — UNPUBLISHED OPINIONS.

Unpublished opinions of the Court of Appeals are of no precedential value.

4. INTEREST — PREJUDGMENT INTEREST — DAMAGES — INSURANCE.

Prejudgment interest is not included within the meaning of the term "damages"; an insurance policy which provides that the insurer shall pay all sums the insured shall be legally entitled to recover as damages does not create a contractual obligation to pay prejudgment interest.

5. Arbitration — Costs.

Costs in confirming an arbitration award may be taxed as in all civil actions; the prevailing party in arbitration proceedings may tax the costs incurred in the arbitration proceedings as well as those costs incurred after the filing of the petition in circuit court (MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.;* GCR 1963, 769.12).

Partial Concurrence and Partial Dissent by D. F. Walsh, J.

6. Costs — Trial.

*Costs are recoverable only when there is statutory authority providing for the awarding of costs.*

7. Costs — Arbitration.

*Neither the statute governing costs nor the court rule governing arbitration proceedings permits one to tax as costs the expenses of the parties in the arbitration proceedings (MCL 600.2401 et seq.; MSA 27A.2401 et seq.; GCR 1963, 769.12).*

*Theodore S. Andris, P.C.* (by *Theodore S. Andris* and *Philip R. Reed),* for plaintiffs.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Richard Haskins),* and *Gromek, Bendure & Thomas* (by *James G. Gross* and *Judith A. Curtis),* for defendant.

Before: D. C. Riley, P.J., and D. F. Walsh and Wahls, JJ.

D. C. Riley, P.J. This case involves an appeal from a judgment on an arbitration award and from a subsequent order modifying that judgment. The merits of the award itself are not challenged.

Plaintiffs were involved in an automobile accident on March 1, 1976, with an individual named White. On November 11, 1978, plaintiffs commenced a lawsuit against White, seeking damages for injuries caused by the accident. Sometime thereafter, plaintiffs discovered that White was uninsured. On August 10, 1979, plaintiffs filed a

demand for arbitration of a disputed claim under the uninsured motorist coverage provisions of their insurance policy with defendant. That demand was received by Detroit Automobile Inter-Insurance Exchange (DAIIE) on August 13, 1979. On February 6, 1981, the arbitrators rendered an award in favor of plaintiff Mary Moultrie in the amount of $11,500. Plaintiff John Moultrie was awarded no damages.

Sometime during the spring of 1981, plaintiffs filed a motion for an order confirming the arbitration award and a motion for entry of judgment. Plaintiffs brought those motions under the docket number assigned to their action against Mr. White, the individual involved in the accident, but named DAIIE as defendant. On October 9, 1981, the trial court granted plaintiffs' motions and entered an order confirming award of arbitrators and a judgment on award of arbitration which included an award of interest at five percent per annum from August 13, 1979, the date of defendant's receipt of plaintiffs' demand for arbitration, as well as costs.

The trial court subsequently granted plaintiffs' motion for rehearing and on October 9, 1981, it entered an order modifying its earlier judgment to "provide for interest at the rate established by MCL 600.6013; MSA 27A.6013 of 6% [percent] per annum from" the date of plaintiffs' filing of their complaint against White, the uninsured motorist.

Defendant appeals as of right alleging that the trial court erred as a matter of law in awarding interest, pursuant to MCL 600.6013; MSA 27A.6013, on the arbitration award from the date that plaintiffs filed their complaint against White, as it was not a party to that action. We agree.

In *Osinski v Detroit Automobile Inter-Ins Ex-*

*change,* 69 Mich App 426, 428; 245 NW2d 76 (1976), this Court reversed an award of interest on an arbitration award, pursuant to MCL 600.6013; MSA 27A.6013, from the date of filing the arbitration award, noting:

"By its express terms § 6013 applies only to a money judgment recovered in a 'civil action' and permits interest to accrue from the date of filing the complaint. A civil action is commenced only 'by filing a complaint with the Court'. GCR 1963, 101; MCL 600.1901; MSA 27A.1901. In the instant case the arbitration proceedings were instituted by a filing of a claim for arbitration with the insurance company—not a complaint with the court. The pre-circuit court proceedings simply were not the equivalent of civil action, and therefore § 6013 does not authorize the payment or receipt of interest on an arbitration award entered prior to the filing of a complaint with the circuit court."

The Court went on to hold that, based on MCL 438.7; MSA 19.4 and MCL 438.31; MSA 19.15(1), the proper interest on the arbitration award was five percent from the date the award was made and not from the date of filing the demand for arbitration. *Osinski, supra,* pp 428-430. Accord *Reinshuttle v Aetna Life & Casualty Ins Co, Inc,* 72 Mich App 74; 248 NW2d 671 (1976); *Babayan v Detroit Automobile Inter-Ins Exchange,* 121 Mich App —; — NW2d — (1982). We are in accord with those decisions and, therefore, we hold that plaintiffs were entitled to interest on the arbitration award at the rate of five percent per annum from February 6, 1981, the date of the arbitration award.

Moreover, we note that plaintiffs' reliance on an unpublished opinion of this Court is misplaced since unpublished opinions are of no precedential

value. See *Borgess Hospital v Berrien County,* 114 Mich App 385, 386, fn 1; 319 NW2d 354 (1982).

Inasmuch as defendant was not a party to plaintiffs' action against the uninsured motorist, White, it would be inappropriate to use the date of filing of that complaint as the date from which interest should commence.

Further, we reject plaintiffs' position that under the provisions of their insurance contract defendant was obligated to pay interest pursuant to MCL 600.6013; MSA 27A.6013. Assuming, without deciding, that this issue was properly before the trial court, we would hold that the court erred in its interpretation of the contract.

The contract in question obligated the defendant to pay "all sums the insured shall be legally entitled to recover as damages". Defendant correctly points out that the term "damages" does not include prejudgment interest. *Dittus v Geyman,* 68 Mich App 433, 438-439; 242 NW2d 800 (1976), *lv den* 397 Mich 837 (1976). We conclude, therefore, that under the provisions of the insurance contract, defendant was not obligated to pay interest. Plaintiffs are only entitled to recover interest pursuant to MCL 438.7, 438.31; MSA 19.4, 19.15(1).

Defendant also contends that the trial court erred as a matter of law in awarding plaintiffs the costs of the arbitration proceedings. We disagree. An identical claim was rejected by this Court in its recent decision in *Babayan, supra,* wherein the Court held that MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.,* authorizes circuit courts to award certain costs incurred in special proceedings. GCR 1963, 769.12 provides that costs in confirming an arbitration award will be taxed as in all civil actions, which, under GCR 1963, 526.1, means that costs will be allowed the prevailing party. Neither

MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.,* nor GCR 1963, 769.12, expressly limit allowable costs to those incurred after the filing of the petition in circuit court, and subrule 769.12 expressly provides that the circuit courts may allow "for the fees and expenses of the arbitrators".

We conclude that the trial court did not err in awarding costs as part of its order confirming the arbitration award. This case is remanded for modification of the award of interest pursuant to MCL 438.31; MSA 19.15(1).

Reversed in part and affirmed in part.

No costs, neither party having prevailed in full.

WAHLS, J., concurred.

D. F. WALSH, J. *(concurring in part, dissenting in part).* I concur in those portions of the majority opinion which reverse and modify the interest award made by the trial court in this case. In my judgment, however, the trial court's award of the cost of the arbitration proceedings 'should also be reversed.

In *Dittus v Geyman,* 68 Mich App 433, 438; 242 NW2d 800 (1976), we cited the well-established rule that costs are recoverable only when there is statutory authority providing for the awarding of costs. The fact that MCL 600.2401 *et seq.;* MSA 27A.2401 *et seq.,* does not expressly limit allowable costs to those incurred after the filing of the petition in circuit court does not amount to a statutory authorization of an award of costs incurred prior to the filing of the petition. Nor, in my opinion, does the word "proceedings" in GCR 1963, 769.12, refer to anything other than the judicial proceedings involved in the confirmation of the award. See also 5 Honigman & Hawkins,

Michigan Court Rules Annotated (2d ed), p 457, wherein the authors state:

"The court may tax the costs of the *judicial proceedings* in relation to arbitration as in other civil actions. Rule 526." (Emphasis added.)

Although the rule provides and the Honigman & Hawkins comments explain that, if the award fails to provide for the fees and expenses of the *arbitrators,* the court can tax them as provided by law in cases of reference, it does not provide that the expenses of the *parties* in the arbitration proceeding may be taxed as costs.

I would reverse the trial court's award of the costs of the arbitration proceeding.