ST MARY'S HOSPITAL v SAGINAW COUNTY

Docket No. 77285. Submitted November 20, 1984, at Lansing.—Decided December 17, 1984. Leave to appeal applied for.

St. Mary's Hospital in Saginaw brought a declaratory judgment action in Saginaw Circuit Court against the County of Saginaw and the City of Saginaw, seeking a determination of liability for payment of bills for medical services rendered by the hospital in the treatment of three individuals brought to the hospital by City of Saginaw police officers. At the time that these individuals were brought to the hospital for treatment, each was in the custody of the city police. The trial court, Robert S. Gilbert, J., determined that the County of Saginaw was liable for the medical expenses. The County of Saginaw appealed. *Held:*

Counties, by statute, are responsible for the expenses of safekeeping and maintaining prisoners and persons charged with an offense or with a violation of a city, village or township ordinance. For the purpose of this statute, a person whose liberty has been restrained by any police officer within the county is a prisoner. Accordingly, the county was liable for the expenses incurred in the treatment of these individuals in the hospital even though they were taken to the hospital by city police officers, since, at the times of treatment, they were prisoners within the meaning of the statute imposing financial liability on the county.

Affirmed.

PRISONS AND PRISONERS — COUNTIES — MEDICAL EXPENSES OF PRISONERS.

Counties, by statute, are responsible for the expenses of safekeeping and maintaining prisoners and persons charged with an offense or with a violation of a city, village or township ordinance; persons whose liberty has been restrained are prisoners within the meaning of the statute; accordingly, medical expenses resulting from the treatment of persons who have been arrested by police officers of a city in the county and who are

REFERENCE FOR POINTS IN HEADNOTE
60 Am Jur 2d, Penal and Correctional Institutions § 16.

taken by the city police officers to a hospital for treatment are expenses for which the county rather than the city is responsible (MCL 801.4, 801.4a; MSA 28.1724, 28.1724[1]).

*Cook, Nash & Deibel* (by *James Tiderington* and *M. Randall Jurrens*), for plaintiff.

*Robert E. Helm,* Assistant City Attorney, for the City of Saginaw.

*Borrello, Thomas & Jensen, P.C.* (by *Leopold P. Borrello* and *Jill K. Smith*), for the County of Saginaw.

Before: J. H. Gillis, P.J., and Cynar and C. L. Bosman,* JJ.

Cynar, J. Plaintiff filed suit in Saginaw County Circuit Court seeking declaratory relief. Plaintiff asked the trial court to determine which of the defendants was responsible for medical expenses incurred when policemen for the City of Saginaw brought three persons to plaintiff's facility for medical treatment. The trial court issued an opinion and order holding the County of Saginaw liable for the medical expenses. Defendant County of Saginaw appeals to this Court as of right.

The parties have stipulated to the facts. On November 16, 1980, Dale Austin was brought to Saginaw St. Mary's Hospital emergency room by the Saginaw City Police. Austin had suffered a broken leg while being pursued by the Saginaw City Police. Austin was discharged from the hospital on December 1, 1980. His treatment costs were $7,359.80. George Nickleberry was treated at St. Mary's Hospital emergency room on October 8, 1981, after his automobile struck a tree as he was being pursued by the Saginaw City Police. Nickle-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

berry's treatment costs were $2,301.65. Both Austin and Nickleberry were taken to the Saginaw County Jail after their discharges from the hospital. On April 2, 1982, x-rays of Melvin Hooks were taken at the request of Saginaw City Police pursuant to a search warrant issued by a Saginaw County District Judge. The x-rays cost $114.50.

The issue is whether defendant Saginaw County is liable for the medical expenses. MCL 801.4; MSA 28.1724 provides:

> "Except as provided in section 5a, all charges and expenses of safekeeping, and maintaining prisoners and persons charged with an offense, shall be paid from the county treasury, the accounts therefor being first settled and allowed by the county board of commissioners." (Footnote omitted.)

MCL 801.4a; MSA 28.1724(1) provides:

> "Except as provided in section 5a, all charges and expenses of safekeeping and maintaining persons in the county jail charged with violations of city, village, or township ordinances shall be paid from the county treasury if a district court of the first or second class has jurisdiction of the offense."

This question was once presented to the Attorney General. In reply the Attorney General concluded that, since the state has impressed upon the counties the cost of law enforcement,

> "the cost of hospitalization of a criminal wounded while engaged in breaking a criminal law in the state of Michigan is that of the county". OAG, 1947-1948, No 793, pp 722, 724 (June 30, 1948).

We adopt the Attorney General's reasoning. It is clear that the men brought to the hospital were prisoners within the meaning of MCL 801.4; MSA

28.1724 because their liberty had been restrained by state authorities. (See, MCL 600.4322; MSA 27A.4322, defining the term "prisoner" for purposes of a habeas corpus proceeding.) The men were in custody by virtue of the control the police exercised over them. *Cf., People v Gonzales,* 356 Mich 247, 253; 97 NW2d 16 (1959). This case is distinguishable from *Borgess Hospital v Berrien County,* 114 Mich App 385; 319 NW2d 354 (1982), *lv den* 417 Mich 865 (1983), because the patient involved in that case was not in the custody of the county at the time the expenses were incurred.

We also note that the Michigan Supreme Court has stated that under the general laws of the state the expenses of enforcing the criminal statutes of the state must be borne by the counties. *People ex rel City of Grand Rapids v Kent County Supervisors,* 40 Mich 481 (1879). Our application of this statute is consistent with that principle. The county is responsible for the medical costs in this case under MCL 801.4; MSA 28.1724.

The judgment of the trial court is affirmed. No costs will be assessed because the case involved a public question.

Affirmed.