CITY OF LANSING *v.* PUBLIC SERVICE COMMISSION.

CITY OF SAGINAW *v.* SAME.

1. PUBLIC SERVICE COMMISSIONS—JURISDICTION—RATE.

Complete power and jurisdiction to fix and regulate all rates of public utilities is vested by statute in the public service commission (CL 1948, § 460.6).

2. SAME—JURISDICTION—RATES.

The public service commission has continuing jurisdiction over rates of natural gas public utilities and may rescind, alter or amend any order fixing rates at any time and rates fixed by the commission, although always subject to review, remain in force until changed or modified by the commission (CL 1948, §§ 460.6, 460.54, 462.24, 462.25).

3. SAME—RATES—HEARING.

A public utility's schedule of rates may be filed with the public service commission at any time and be approved by the commission without previous hearing thereon except when there is a written complaint concerning such rates, whereupon the commission is required to make an investigation and hold a formal hearing thereon after reasonable notice to the parties concerned (CL 1948, § 460.58).

4. SAME—REHEARINGS.

The public service commission is expressly authorized by statute to grant rehearings and thereupon to alter, amend or modify its findings and orders (CL 1948, § 460.351).

5. SAME—RETRANSMITTAL OF TRANSCRIPT OF EVIDENCE—RATES.

The public service commission, upon retransmittal of transcript of evidence from circuit court with additions offered

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur, Public Utilities and Services, § 201 *et seq.*
[2] Power of public service commission to increase franchise rates. 3 ALR 730, 746; 9 ALR 1165; 28 ALR 587; 29 ALR 356.
[3] 43 Am Jur, Public Utilities and Services, § 206.
[4] 43 Am Jur, Public Utilities and Services, § 224.

in the circuit court, may alter, modify, amend or rescind previous rate orders (CL 1948, § 462.26).

6. SAME—REHEARINGS.

It may not be assumed that the public service commission will grant rehearings capriciously, without good. cause shown (CL 1948, § 460.351).

7. SAME—JURISDICTION—RATES—REHEARING.

It was within the jurisdiction of the public service commission to make orders fixing rates for sales of natural gas to consumers and upon utility company's application for rehearing thereon to grant a further increase in rates, where interested parties were given due notice of hearing held upon such application for rehearing (CL 1948, §§ 460.6, 460.54, 460.58, 462.24, 462.25).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 11, 1951. (Docket Nos. 49, 50, Calendar Nos. 45,072, 45,073.) Decided June 4, 1951.

Separate bills by City of Lansing and City of Saginaw against Michigan Public Service Commission to review order of the commission granting a rehearing and approving a second increase in rates for sale of natural gas. Consumers Power Company added as party defendant. Cases heard together. Decree for plaintiffs. Defendants appeal. Reversed.

*Charles P. Van Note,* for plaintiff City of Lansing.

*W. Vincent Nash,* for plaintiff City of Saginaw.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Charles M. A. Martin* and *Albert J. Thorburn,* Assistants Attorney General, for Michigan Public Service Commission.

*Don T. McKone, W. R. Roberts* and *A. H. Aymond, Jr.,* for defendant Consumers Power Company.

Dethmers, J. Defendant company filed a petition with the defendant commission requesting an increase of its rates for the sale of natural gas and, upon hearing, asked that rates be approved to increase its gross revenues from such sales by $4,800,000 annually. Due notice was given to interested parties and plaintiff cities participated in the hearing. On March 25, 1949, after conclusion of the hearing, the commission filed an opinion and order finding that existing rates were confiscatory and directing the company to file rate schedules increasing its gross annual revenues from sales of natural gas by $1,800,000. On April 7, 1949, the company filed the required rate schedules in conformity with said order, together with an application for rehearing, which, as later amended, was based in part on facts and circumstances arising subsequent to the hearing and on claimed consequences resulting from compliance with the commission's order. On that same date the commission approved the new rate schedules. On May 19, 1949, the rehearing was granted and noticed for hearing. All parties, including plaintiffs, were present and participated in such rehearing. On July 1, 1949, the commission filed an additional opinion and order authorizing the company to file rate schedules designed to further increase its annual gross revenues from sales of natural gas by another $1,161,000. Plaintiff cities then filed an application for rehearing, which the commission denied. The new rate schedules were filed by the company as directed by the commission and approved by the latter on August 12, 1949. Thereafter, plaintiff cities filed separate bills of complaint in the Ingham county circuit court seeking review under CL 1948, § 462.26 (Stat Ann § 22.45) of the commission's orders of April 7th and August 12th approving the 2 successive rate increases. To those proceedings the company was

added as party defendant. The 2 cases were dealt with simultaneously by the trial court and are, by stipulation, treated as one here. No testimony was offered in the lower court and plaintiffs waived any questions concerning the reasonableness of the rates approved by the commission. The cases were submitted to the court on the pleadings and the files of the commission as presenting solely a question of law. The court thereupon entered a decree vacating and setting aside the commission's order of August 12, 1949, which approved the second rate increase. Defendants appeal.

Reasonableness of the rates approved is not questioned, nor is the validity of the April 7th order approving the first rate increase challenged. The controversy relates solely to the lawfulness of the commission's action of August 12th approving the second rate increase. Did the commission, after schedules for increased rates, as ordered by it on March 25, 1949, had been filed, approved by the commission on April 7th, and put into effect by the company, have the authority to grant a rehearing and to enter the order of August 12, 1949, approving the further rate increase based, in part at least, upon facts and circumstances arising subsequent to the conclusion of the original hearing? It is the position of plaintiffs, as of the trial court, that the company could not both accept the benefits of the rate order of March 25th and the order of April 7th approving rate increases and, at the same time, obtain a rehearing thereon; that the commission's authority in the matter ended with its April 7th order approving increased rates.

CL 1948, § 460.6 (Stat Ann 1949 ∤m Supp § 22.13 [6]) vests the commission with complete power and jurisdiction to fix and regulate all rates of public utilities.

CL 1948, § 462.24 (Stat Ann § 22.43) authorizes the commission to rescind, alter or amend any order fixing rates at any time. The next section of the statute * provides that the rates fixed by the commission shall be in force until changed or modified by the commission as provided for in the preceding section.† Rates fixed by the commission are always subject to revision (*Michigan Bell Telephone Co. v. Michigan Public Utilities Commission,* 297 Mich 92 [39 PUR NS 111]); a commission retains continuing jurisdiction over rates (*Erie R. Co. v. United States,* 64 F Supp 162).

Under CL 1948, § 460.57 (Stat Ann § 22.7) a utility may file rate schedules and the commission may approve the same at any time without previous hearing thereon. It is only upon the filing of a written complaint concerning such rates that the commission is required to cause an investigation to be made and a formal hearing to be had thereon, after reasonable notice to the parties concerned. CL 1948, § 460.58 (Stat Ann § 22.8).

CL 1948, § 460.351 (Stat Ann § 22.111) expressly empowers the commission to grant rehearings and thereupon to alter, amend or modify its findings and orders.

The provisions of CL 1948, § 462.26 (Stat Ann § 22.45) afford the statutory right of appeal to circuit court for any party in interest who is dissatisfied with a commission rate order. This section provides that on such appeal a party may introduce original evidence in addition to the transcript of evidence offered to the commission and, further, that, if such evidence shall be found by the court

---

* CL 1948, § 462 2, (Stat Ann § 22.44).—REPORTER.

† By CL 1948, § 460.54 (Stat Ann § 22.4) the public service commission has had conferred upon it substantially similar powers with respect to furnishing gas for heating and lighting purposes as is conferred upon it with respect to railroads and railroad companies.—REPORTER.

to be different from that offered before the commission, or additional thereto, the court shall transmit the same to the commission whereupon the latter shall consider it and may thereupon alter, modify, amend or rescind its previous orders.

The commission being clothed, as it is, with statutory powers to fix rates in the first instance and to regulate them and thereafter to rescind, alter or amend any rate-fixing order, and being vested with continuing power and jurisdiction over such rates which are, accordingly, always subject to commission revision, it is manifest that immediately following its order of April 7th approving increased rates, it would have been competent for the commission to have entertained a new rate case in the premises based on facts and circumstances arising after the previous hearing. This could have occasioned plaintiffs no cause for complaint, provided they were given due notice and opportunity to be heard. Plaintiffs do not here contend that the commission's treatment of the company's application of April 7th as one for rehearing, rather than for a new rate case, served, by reason thereof, to deprive them of such notice or opportunity to be heard, nor do they show that in any respect their rights were prejudiced by that course. True, plaintiffs complain that it would be possible for a utility to delay interminably judicial review of commission rate orders by the simple process of repeated applications for rehearings before the commission. It may not be assumed, however, that the commission will grant rehearings capriciously, without good cause shown. Nor are greater possibilities for delay discernible in this course of procedure than inhere in the course which plaintiffs suggest should have been followed by the company, *viz.*, pursuit of statutory appeal in the circuit court, under which course it would have been permissible for the company to have intro-

duced different and additional proofs, necessitating the transmittal thereof to the commission for its consideration and reconsideration of its order. That the plaintiffs were so impressed at the time appears from the fact that no judicial review was sought by them after the April 7th order, nor even of the rates approved on August 12th, as authorized by the commission's order of July 1st, until plaintiffs had, after the last-mentioned order, sought and been denied a rehearing before the commission.

Inasmuch as express statutory authority exists for the granting of rehearings by the commission, no cogent reason appears for holding that the commission might not thus accomplish that which it had undoubted authority to do, upon the filing of an application for rate increases, by entertaining and treating the same as a new rate case.

Decree of the trial court is reversed and the order of the commission of August 12, 1949, approving company rate schedules, is affirmed.

Reid, C. J., and Boyles, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.