NORTHERN MICHIGAN WATER COMPANY *v.*
PUBLIC SERVICE COMMISSION.

1. PUBLIC SERVICE COMMISSIONS—JURISDICTION—SPECIFIC POWERS—
   STATUTES.

   The statute describing the statutory jurisdiction of the public
   service commission is construed as constituting no grant of
   specific powers in the absence of lack of standards therein
   for their exercise and in the presence of other statutes grant-
   ing specific powers (CL 1948, § 460.6, as amended by PA 1960,
   No 44).

2. SAME—JURISDICTION—REGULATION OF WATER RATES.

   The public service commission is vested with jurisdiction to reg-
   ulate water rates for privately owned water companies (CL
   1948, § 460.6, as amended by PA 1960, No 44).

3. SAME—RATES—APPROVAL—REFUNDS.

   The public service commission may not retroactively order a pri-
   vately owned public utility to refund charges previously ap-
   proved by the commission, but it may lawfully require such a
   public utility to refund charges collected without its approval
   (CL 1948, § 460.6, as amended by PA 1960, No 44).

4. COSTS—PUBLIC QUESTION—WATER RATES.

   No costs are allowed on appeal from judgment of Ingham cir-
   cuit court in proceeding to review order of public service
   commission anent water rates charged by privately owned pub-
   lic utility, a public question being involved (CL 1948, § 460.6,
   as amended by PA 1960, No 44).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  43 Am Jur, Public Utilities and Services § 193.
[2]  43 Am Jur, Public Utilities and Services §§ 201, 202.
[3]  43 Am Jur, Public Utilities and Services §§ 191, 193, 204.
[4]  5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 June 1, 1966, at Lansing. (Docket No. 381.) Decided January 24, 1967. Leave to appeal granted by Supreme Court May 4, 1967. See 379 Mich 761, 381 Mich 340.

Petition by Northern Michigan Water Company, a Michigan corporation, filed with the Michigan Public Service Commission for an order authorizing a rate increase. Commission approved a future rate increase but ordered a refund as to moneys collected at higher rate before effective date of order. Plaintiff appealed to circuit court. Michigan Water Suppliers Association, Inc., a nonprofit Michigan corporation, was granted permission to intervene as plaintiff. Order vacated. Defendant appeals. Reversed and commission order affirmed.

*Joseph Lavey,* for plaintiff.

*Matheson, Dixon & Bieneman* (*John M. Veale,* of counsel), for intervenor.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Hugh B. Anderson,* and *David P. Van Note,* Assistant Attorneys General, for defendant.

T. G. Kavanagh, J. Plaintiff, Northern Michigan Water Company, is a public utility owning and operating water properties and providing water service in Houghton and Keweenaw counties, Michigan. Intervening plaintiff, Michigan Water Suppliers Association, Inc., is an association of privately owned water utility companies which was granted permission to intervene by the trial court.

On April 1, 1961, Northern acquired a water system designated as the Mohawk location. On this date, Northern increased the rates of the 300 metered

customers at this location by 24 per cent. On December 29, 1961, Northern filed an application with the defendant, Michigan public service commission, requesting that the commission enter an order authorizing for the future the increased rates previously placed into effect on the Mohawk location. On August 30, 1962, the commission issued an order approving the rate increase from and after the date of the order and further ordering that refunds be made to Northern customers of the moneys collected between April 1, 1961, and August 30, 1962, for the reason that:

"Rates changed without prior commission approval are illegal rates and Northern should refund the difference between the amounts collected from customers at Mohawk location, since its acquisition by Northern, and the amounts properly computed on the rates in effect prior to the acquisition of this system by Northern."

After denial of a petition for rehearing, Northern filed on November 5, 1962, a complaint in the circuit court for the county of Ingham alleging that the commission did not have jurisdiction to order refunds or to establish the rates of a public water utility. The commission answered and the trial was held on July 24, 1963. The only evidence offered was the official file of the commission and the case was then submitted on briefs. On December 2, 1964, the court ruled that the commission had no jurisdiction over water rates and entered judgment December 18, 1964, vacating the commission order. From this judgment, defendant appeals contending that the commission was vested with jurisdiction to regulate the rates of public water utilities by virtue of PA 1960, No 44, which amended CL 1948, § 460.6 (Stat Ann 1965 Cum Supp § 22.13[6]) and specifically conferred this jurisdiction.

This act, as thus amended provides:

"The Michigan public service commission is hereby vested with complete power and jurisdiction to regulate all public utilities in the state except any municipally owned utility and except as otherwise restricted by law. It is hereby vested with power and jurisdiction to regulate all rates, fares, fees, charges, services, rules, conditions of service and all other matters pertaining to the formation, operation or direction of such public utilities. It is further granted the power and jurisdiction to hear and pass upon all matters pertaining to or necessary or incident to such regulation of all public utilities, including electric light and power companies, whether private, corporate or cooperative, gas companies, water, telephone, telegraph, oil, gas and pipeline companies, motor carriers, and all public transportation and communication agencies other than railroads and railroad companies."

The trial court, in a written opinion interpreting this statute stated:

"The act which gives the defendant commission the right over water companies * * * furnishes no grant of specific powers to the commission but is only an outline of the jurisdiction in the commission and does not purport to be more, and there will have to be additional legislation enacted vesting specific powers in the commission over water rates before the commission can act."

The trial court relied upon the case of *Huron Portland Cement Company* v. *Public Service Commission* (1958), 351 Mich 255 (23 PUR3d 117). In that case, Huron petitioned the public service commission for an order directing the Consumers Power Company to furnish electric service to Huron. The Consumers Power Company did not offer the service requested, did not profess to serve the area, had no power lines into the city in which Huron was located,

and had not requested a certificate of public convenience and necessity to serve the area. The Supreme Court held that the jurisdiction of the commission to "regulate all rates, fares, fees, charges, services * * * of such public utilities" furnished no grant of specific powers. The court stated: "It is an outline of jurisdiction in the commission and does not purport to be more. If, indeed, the general language quoted had the effect of vesting particular, specific, powers in the commission, not only would a constitutional question be presented arising from an asserted lack of standards, * * * but there would have been no need whatever for the many statutes enacted * * * vesting specific powers in the commission." (Citations omitted) *supra* at pages 262, 263. The court concluded that "the only means by which Consumers may provide the service is by voluntarily seeking and obtaining a certificate that public convenience and necessity require the rendering of the service. No such request has been made and that disposes of the matter," *supra* at page 268.

As the defendant points out in its brief, the question in the *Huron* case, *supra,* was not whether the commission had jurisdiction to regulate rates or even whether the commission had jurisdiction to regulate service, but specifically whether the commission had the authority to require the introduction of service by a utility into an area which it did not serve nor desire to serve. Unquestionably the commission has the authority to regulate rates of public utilities by virtue of the act before amendment. See *City of Dearborn* v. *Michigan Consolidated Gas Co.* (1941), 297 Mich 388 (39 PUR NS 31); *City of Jackson* v. *Consumers Power Co.* (1945), 312 Mich 437 (62 PUR NS 48); *City of Big Rapids* v. *Michigan Consolidated Gas Company* (1949), 324 Mich 358 (79 PUR NS 301); *City of Lansing* v. *Public Service Commission*

(1951), 330 Mich 608 (89 PUR NS 125). While these cases deal with the jurisdiction of the public service commission to regulate the rates charged by gas companies, the statute cited as granting this jurisdiction is the same statute as herein involved which was amended by PA 1960, No 44, so as to include water companies within its regulatory provisions. Since no additional specific grant of authority by the legislature has been necessary to confer jurisdiction to the public service commission to regulate gas rates, nothing more is required to establish the commission's jurisdiction to regulate water rates.

While the public service commission may not retroactively order a utility to refund charges previously approved by the commission, *Michigan Bell Telephone Company* v. *Public Service Commission* (1946), 315 Mich 533 (66 PUR NS 287), the commission may lawfully require a public utility to refund charges collected without its approval. This is consistent with the holding of the Supreme Court in the *Michigan Bell* case, *supra,* and is consistent with the commission's authority to regulate rates of water companies in the first instance.

The judgment of the circuit court is reversed and the case remanded to the circuit court for entry of an order affirming the order of the public service commission dated August 30, 1962, being commission number U-861.

No costs since a public question is involved.

LESINSKI, C. J., and McGREGOR, J., concurred.