B & W RUSTPROOFING, INC. v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 77-3163. Submitted December 6, 1978, at Lansing.—Decided January 17, 1979.

B & W Rustproofing, Inc., brought an action against Michigan Bell Telephone Company for damages for loss of profits because of the defendant's breach of alleged duties to provide certain services. Michigan Bell moved for summary and accelerated judgment, and the Wayne Circuit Court, George T. Martin, J., granted accelerated judgment, stating that jurisdiction over the subject matter was in the Public Service Commission. Plaintiff appeals. *Held:*

Although an action against a utility which attacks a tariff or code ordinarily should be brought before the Public Service Commission, the present complaint alleges tortious conduct and as such it was properly brought in the circuit court.

Reversed.

Courts — Jurisdiction — Torts — Utilities — Public Service Commission.

A plaintiff, in an action against a utility, who is aggrieved by the provisions of a tariff or code ordinarily should seek relief by attack on those provisions before the Public Service Commission; however, where the plaintiff's claim is in tort, setting forth facts which would constitute tortious conduct causing injury and damage to the plaintiff, the claim may be filed in a court of general jurisdiction.

*Lawrence A. Thompson & Associates* (by *Lawrence K. Kustra),* for plaintiff.

*Werner M. Killen,* for defendant.

Before: D. E. Holbrook, Jr., P.J., and D. E. Holbrook and Cynar, JJ.

Reference for Points in Headnotes
64 Am Jur 2d, Public Utilities §§ 232, 276, 277.

Per Curiam. Plaintiff appeals by right from an August 1, 1977, judgment of the Wayne County Circuit Court granting defendant's motion for accelerated judgment on the ground of lack of jurisdiction over the subject matter.

On November 18, 1974, a representative of defendant called plaintiff's offices and advised plaintiff that its telephone number would be changed in September of 1975. A follow-up letter confirmed this change and further advised plaintiff that calls to its old number would automatically be transferred to plaintiff's new telephone number. The letter also explained that plaintiff's new number would appear in the September 1975 issue of the telephone directory.

In January of 1976 plaintiff filed a complaint in the present action. The complaint alleged that defendant failed to transfer calls to plaintiff's new number and failed to include that number in the September 1975 directory. The complaint further alleged that defendant had a duty to provide these services as a result of its prior promise and prayed for $20,000 damages, constituting profits lost as a result of defendant's breach of these alleged duties.

Defendant moved for both summary and accelerated judgment. The motion for accelerated judgment was predicated on the theory that jurisdiction over the action rested with the Public Service Commission. The motion for summary judgment was based upon a claim that tariffs, promulgated by the Public Service Commission and included in plaintiff's contract, limited defendant's liability in these circumstances.

In *Valentine v Michigan Bell Telephone Co,* 388 Mich 19; 199 NW2d 182 (1972), the Court was presented with virtually an identical situation.

Plaintiff there brought an action in circuit court alleging negligence and other tortious conduct on the part of defendant. The Court held that *summary* judgment was properly granted, as plaintiff's complaint failed to set forth acts or conduct of defendant constituting negligence or other tortious activity.

However, the Court in *Valentine, supra,* made it clear that plaintiff's action was properly brought in circuit court. The Court noted that much of the confusion in the case arose from the lower court's belief that the action should have been brought before the Public Service Commission. The Court distinguished between actions attacking the validity or applicability of a tariff and those sounding in tort. With regard to the former the Court noted:

> "Ordinarily, a party aggrieved by the provisions of a tariff or code should seek relief by an attack upon those provisions before the Public Service Commission." *Valentine, supra* at 26.

However, with regard to the latter the Court stated:

> "[A] claim in tort that sets forth facts which would constitute tortious conduct to the injury and damage of the claimant can also be filed in a court of general jurisdiction." *Valentine, supra* at 30.

See also *Harbaugh v Citizens Telephone Co,* 190 Mich 421; 157 NW 32 (1916), and *Muskegon Agency, Inc v General Telephone Co of Michigan,* 340 Mich 472; 65 NW2d 748 (1954).

An application of these principles to the present case indicates that the trial judge incorrectly concluded that the circuit court lacked jurisdiction

over this action. The complaint sets forth allega-
tions contending that defendant acted in a negli-
gent manner. Since the complaint alleges tortious
conduct on the part of defendant it was properly
brought in circuit court.[1]

The order of the circuit judge dismissing the
action is reversed.

---

[1] We note that defendant filed a motion for summary judgment at
the same time as the motion for accelerated judgment. No decision
was ever rendered on the summary judgment motion. This motion
involves a consideration of the applicability and validity of the tariffs
limiting or eliminating defendant's liability under certain circum-
stances. Although such a determination is usually one for the Public
Service Commission, *Valentine, supra* at 26, it may be made by the
circuit judge under the circumstances of this case. *See* MCL 24.264;
MSA 3.560(164). Nothing herein, however, should be construed as
bearing upon such a determination or upon the merits of the case.