THOMAS v GENERAL TELEPHONE DIRECTORY COMPANY

Docket No. 65605. Submitted June 30, 1983, at Grand Rapids.—Decided August 2, 1983. Leave to appeal denied, 418 Mich 935.

Keith Thomas, doing business as Keith's Lock and Key Service, brought an action against General Telephone Directory Company alleging negligence and wilful and wanton misconduct in listing plaintiff's advertisement under "loans" rather than "locksmiths" in the yellow pages of defendant's telephone directory. The Roscommon Circuit Court, Carl L. Horn, J., refused to grant summary or accelerated judgment for defendant. Defendant appealed by leave granted. *Held:*

1. An action alleging that a telephone company acted negligently regarding a listing in a telephone directory is properly brought in a circuit court.

2. A plaintiff, once tortious conduct is alleged against a public utility in a court of general jurisdiction, may proceed to recover full tort damages without regard to any limits of liability contained in the regulations or tariffs.

Affirmed.

D. F. WALSH, P.J., concurred but wrote separately to invite the Supreme Court to clarify its holding in what he considered uncertain precedent.

1. PUBLIC UTILITIES — JURISDICTION — COURTS.

A court of general jurisdiction is the proper forum, if a plaintiff's cause of action is based upon a claim that a utility has violated Michigan Public Service Commission promulgated tariffs or codes, or if the claim covers some action by a utility outside the regulation of the Michigan Public Service Commission.

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 64 Am Jur 2d, Public Utilities §§ 15, 126 *et seq.*
74 Am Jur 2d, Telecommunications §§ 20, 34.
[2, 4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 146.
[3] 74 Am Jur 2d, Telecommunications §§ 32, 63, 65.
Liability of telephone company for mistakes in or omissions from its directory. 92 ALR2d 917.

2. PUBLIC UTILITIES — JURISDICTION — CONTRACTS — TORTS.

   A claim against a public utility is properly brought in a court of general jurisdiction if it sounds in tort; if it is a claim on a contract, it is properly brought before the Public Service Commission.

3. TELECOMMUNICATIONS — JURISDICTION — NEGLIGENCE.

   An action alleging that a telephone company acted negligently regarding a listing in a telephone directory is properly brought in a circuit court.

4. PUBLIC UTILITIES — TORTS — DAMAGES.

   A plaintiff, once tortious conduct is alleged against a public utility in a court of general jurisdiction, may proceed to recover full tort damages without regard to any limits of liability contained in the regulations or tariffs.

*Norman K. Marsh,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley),* for defendant.

Before: D. F. WALSH, P.J., and R. M. MAHER and T. ROUMELL,* JJ.

PER CURIAM. Defendant appeals by leave granted from the trial court's order denying defendant's motion for summary or accelerated judgment.

Plaintiff, a locksmith, filed a complaint against defendant, alleging that it committed "simple negligence" and, alternatively, "willful, wanton and gross conduct *[sic]*" inasmuch as defendant listed plaintiff's advertisement in the yellow pages of defendant's telephone directory under "Loans" rather than "Locksmiths".

Defendant moved for summary or accelerated judgment. It asked for accelerated judgment, pursuant to GCR 1963, 116.1(2), on the ground that the Public Service Commission, not the circuit

* Circuit judge, sitting on the Court of Appeals by assignment.

court, has jurisdiction over plaintiff's claim. It asked for summary judgment, pursuant to GCR 1963, 117.2(1), for the reason that 1979 AC, R 460.1960(3) and General Telephone Company of Michigan Tariff MPSC No. 7 limit defendant's liability for errors in a directory listing to refund of the charge for the listing and that plaintiff's charge had been refunded.

The trial court denied the motion. This Court granted leave on October 6, 1982.

There are two issues on appeal. First: Does the circuit court or the Public Service Commission have jurisdiction over plaintiff's claim? Second: Assuming *arguendo* that the circuit court has jurisdiction, is defendant's liability limited by the applicable code and tariff provisions?

I

The Supreme Court has discussed in several cases the circuit court's jurisdiction to adjudicate a plaintiff's claims against a telephone company. In *Harbaugh v Citizens Telephone Co,* 190 Mich 421; 157 NW 32 (1916), a declaration for trespass on the case against a telephone company for wrongful refusal to connect plaintiff's telephone with a city exchange, charging loss of business, was held to state a cause of action for which damages could be recovered. *Harbaugh* recognized that in some situations a court of general jurisdiction is the proper forum in which to sue a telephone company.

In *Muskegon Agency, Inc v General Telephone Co of Michigan,* 340 Mich 472; 65 NW2d 748 (1954), the plaintiff sued for damages suffered due to negligence of a telephone company in assigning a number. The Court found that the plaintiff's action could be adjudicated by the circuit court

because the action was one "sounding in tort". This holding was reaffirmed in *Muskegon Agency, Inc v General Telephone Co of Michigan,* 350 Mich 41; 85 NW2d 170 (1957).

The latest word from the Supreme Court on this topic is found in *Valentine v Michigan Bell Telephone Co,* 388 Mich 19; 199 NW2d 182 (1972). The plaintiff brought suit alleging that the telephone company had not provided him with adequate service. The trial court granted defendant's motion for summary judgment. The Court, on review, discussed the jurisdiction question at some length. The Court described the jurisdiction of the Public Service Commission as follows:

> "[T]he code or tariff is part of the contract between the parties and limits of liability therein contained are presumptively valid. Any claim based upon the contractual obligation of the parties is limited to validly promulgated provisions of the tariff or code within the authority of the Public Service Commission. Ordinarily, a party aggrieved by the provisions of a tariff or code should seek relief by an attack upon those provisions before the Public Service Commission and from it to the Ingham County Circuit Court." 388 Mich 26.

The jurisdiction of the circuit court is set forth in the following passages:

> "If a plaintiff's cause of action is based upon a claim that the utility has violated Public Service Commission promulgated tariffs or codes, or if the claim covers some action by the utility outside of the regulations of the Public Service Commission, a court of general jurisdiction is the proper forum. * * * *Harbaugh, supra,* and *Muskegon Agency* cases, *supra,* have clearly established that the proper forum for a claim sounding in tort is a court of general jurisdiction of this state." 388 Mich 25-26.

> "A claim that sets forth facts showing a plaintiff

suffered damage as a result of a violation of the tariffs and regulations can be entertained by a court of general jurisdiction, or a claim in tort that sets forth facts which would constitute tortious conduct to the injury and damage of the claimant can also be filed in a court of general jurisdiction." 388 Mich 30.

Thus, under *Valentine,* if the plaintiff's claim sounds in tort, it is for the court; if it is a claim on a contract, it is for the Public Service Commission.

The principles of *Valentine* must be applied to the instant case. That task is considerably easier in light of this Court's decision in *B & W Rustproofing, Inc v Michigan Bell Telephone Co,* 88 Mich App 242; 276 NW2d 572 (1979). The plaintiff alleged in its complaint that the defendant failed to include its new number in the latest telephone directory. This Court concluded:

"The complaint sets forth allegations contending that defendant acted in a negligent manner. Since the complaint alleges tortious conduct on the part of defendant it was properly brought in circuit court." 88 Mich App 245. (Footnote omitted.)

This case also involves an allegation that the telephone company acted negligently regarding a listing in a telephone directory. Thus, the action was properly brought in circuit court.

II

The next issue is whether the defendant's liability is limited by the applicable code and tariff provisions. 1979 AC, R 460, 1960 (3) provides:

"(3) The telephone utility is not liable for errors in or omissions from directories except in cases where a specific charge has been made for a listing; in no event

shall the liability for such error of omission be beyond the amount of the specific charge."

General Telephone Company Tariff MPSC No 7, First Revised Sheet 8.1 provides:

"For the convenience of the service, a directory for each exchange is published from time to time, but as experience demonstrates that errors and omissions will occur with more or less frequency, the Telephone Company is not liable for errors or ommissions from the directories except in cases where a specific charge has been made for listing; in no event shall the Telephone Company be liable for any such error or omission beyond the amount of such charge."

The defendant argues that, under *Valentine,* plaintiff's recovery is limited by these provisions. In a passage quoted above, the Court said that the "code or tariff is part of the contract between the parties and limits of liability therein contained are presumptively valid. Any claim based upon the contractual obligation of the parties is limited to validly promulgated provisions of the tariff or code within the authority of the Public Service Commission." 388 Mich 26. But, as this language makes clear, these limits apply only to a claim based on the contract between the parties. As a recent case of this Court indicates, recovery is not so limited when the action sounds in tort.

In *Hunter v General Telephone Co,* 121 Mich App 411; 328 NW2d 648 (1982), the plaintiff sued the defendant for the failure of its employees to give out the correct number of his business. The plaintiff sought damages for the alleged negligent, reckless, wilful, wanton, malicious and intentional misconduct of defendant. The defendant argued that its liability was limited by 1954 AC, R 460.1960(10.2) [1979 AC, R 460.1960(2)]. That provi-

sion limits the telephone utility's liability for damages arising out of "mistakes, omissions, interruptions, delays, errors, or defects in transmission" to "an amount proportionate to the charge to the customer" for the affected period of service. This Court rejected the defendant's argument. *Valentine,* this Court said, "appears to affirm the notion that, once tortious conduct is properly alleged, a plaintiff may proceed in a court of general jurisdiction against a telephone company to recover full tort damages without regard to 1954 AC, R 460.1960(10.2). There is no indication in *Valentine* that any tort action against a telephone company which is properly brought in a court of general jurisdiction is nonetheless subject to the limitations on liability set forth in the regulation and tariffs." 121 Mich App 419-420. Although critical of *Valentine,* the *Hunter* Court· found itself constrained to follow it. See *Hunter, supra,* p 421.

*Hunter* correctly construed *Valentine.* Indeed, *Valentine* is consistent with earlier case law which establishes that a plaintiff who sues a telephone utility in tort is entitled to full tort recovery. See *Harbaugh, supra,* p 428; *Muskegon Agency,* 340 Mich 482. Thus, the plaintiff in the present case is entitled to full tort recovery. The trial court did not err in denying defendant's motion for summary or accelerated judgment.

Affirmed. No costs.

D. F. Walsh, P.J., *(concurring).* I concur on the authority of what I consider to be the holding of *Valentine v Michigan Bell Telephone Co,* 388 Mich 19; 199 NW2d 182 (1972). I write separately to express my judgment that *Valentine* constitutes uncertain precedent in an important area of the

law and to invite the Supreme Court to clarify its holding in that case. See *Hunter v General Telephone Co*, 121 Mich App 411; 328 NW2d 648 (1982).