W E WESTFALL, INC v MICHIGAN BELL TELEPHONE
COMPANY

Docket No. 67193. Submitted August 2, 1983, at Lansing.—Decided
September 28, 1983. Leave to appeal applied for.

W. E. Westfall, Inc., doing business as Spartan Barricading Company, made arrangements with Michigan Bell Telephone Company for a new telephone number and for Bell to place an "intercept" on its former telephone number so that business calls would be referred to its new number. The intercept was instituted but then discontinued and persons dialing the old number were informed that no new number existed for Spartan Barricading Company. Westfall filed suit against Bell in Ingham Circuit Court alleging that, due to defendant's negligence in failing to maintain the intercept service, plaintiff suffered a significant loss of business. Defendant filed motions for summary judgment and accelerated judgment, arguing that the circuit court lacked subject matter jurisdiction to hear the case. The court, Ray C. Hotchkiss, J., granted defendant's motion for accelerated judgment, holding that a Court of Appeals decision in a similar case controlled the outcome of this case. No ruling was made on defendant's motion for summary judgment. Plaintiff appealed. *Held:*

1. The trial court erred in granting accelerated judgment in favor of defendant. The decision in the case relied on by the trial court was in an unpublished Court of Appeals opinion and was, therefore, of no precedential value. Furthermore, neither the reasoning nor the result in the unpublished case supported a conclusion that the trial court lacked jurisdiction in this matter.

2. The trial court's decision is reversed and the case is remanded for a trial on the merits of plaintiff's claim. The circuit court has jurisdiction to hear claims sounding in tort against a telephone company, and plaintiff's complaint sets

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 189.
[2] 74 Am Jur 2d, Telecommunications § 20.
[3] 74 Am Jur 2d, Telecommunications § 66.

forth sufficient factual allegations to state an action in negligence.

3. The limitations on liability set forth in the regulations and tariffs of the Public Service Commission have no application in a tort action against a telephone company brought in a court of general jurisdiction.

Reversed and remanded.

1. Courts — Court of Appeals — Unpublished Opinions.

Unpublished opinions of the Court of Appeals have no precedential value.

2. Public Utilities — Torts — Jurisdiction.

The Michigan Public Service Commission has jurisdiction over contract actions involving telephone companies, but claims sounding in tort against a telephone company are properly maintained in circuit court.

3. Public Utilities — Torts — Public Service Commission — Regulations and Tariffs.

The limitations on liability set forth in the regulations and tariffs of the Michigan Public Service Commission have no application in a tort action against a telephone company properly brought in a court of general jurisdiction.

*George H. Krause, P.C.* (by *George H. Krause*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Deborah A. Deprez* and *William G. Lavery*), for defendant.

Before: Hood, P.J., and Cynar and P. J. Marutiak,* JJ.

Per Curiam. The trial court granted accelerated judgment, GCR 1963, 116.1(2), in favor of defendant, finding that subject matter jurisdiction over plaintiff's claims rested exclusively with the Michigan Public Service Commission. Plaintiff appeals as of right from this judgment.

Plaintiff's complaint alleged that at some time

---

* Circuit judge, sitting on the Court of Appeals by assignment.

prior to February 20, 1980, plaintiff made arrangements with defendant for a new telephone number. Concurrently, plaintiff arranged for defendant to place an "intercept" on its former telephone number so that business calls would be referred to its new number. Plaintiff's agents at one time tested the intercept and found it to be operational. Plaintiff alleges, however, that shortly thereafter defendant discontinued the intercept service and that persons calling plaintiff's old number were informed that no new telephone number existed for plaintiff's business. The complaint further alleged that due to defendant's negligence in failing to maintain the intercept service, plaintiff suffered a significant loss of business.

Defendant filed a motion for summary judgment under GCR 1963, 117.2(1), arguing that limitations on defendant's liability contained in Michigan Public Service Commission Tariff No. 7, Sixth Revised Sheet, effective July 22, 1980, legally eliminated plaintiff's cause of action. Defendant subsequently filed its accelerated judgment motion. The trial court granted the latter motion, making no ruling as to the former.

In judging the merits of defendant's accelerated judgment motion, the trial court opined that the decision of this Court in *John Cannon Agency v Michigan Bell Telephone Co* (Docket No. 52283, released May 28, 1981 [unreported]), was "controlling". We remind members of the bench and bar that unpublished opinions of this Court are without precedential value.** *Moultrie v Detroit Auto-*

---

** The case of *John Cannon Agency v Michigan Bell Telephone Co* was decided by the Court of Appeals on May 28, 1981. It was a per curiam opinion, publication of which was not requested by any of the judges on the panel. Publication of the opinion was authorized on September 8, 1983, and the opinion now appears at 128 Mich App 472; 341 NW2d 115 (1983).—REPORTER.

*mobile Inter-Ins Exchange,* 123 Mich App 403, 407-408; 333 NW2d 298 (1983); *Borgess Hospital v Berrien County,* 114 Mich App 385, 386, fn 1; 319 NW2d 354 (1982), *lv den* 417 Mich 865 (1983). Moreover, neither the reasoning nor the result in the unpublished *John Cannon Agency* case supported a conclusion that the trial court lacked jurisdiction in this matter.

We reverse the judgment of the trial court and remand for a trial on the merits of plaintiff's negligence claim. While the Public Service Commission has jurisdiction over contract actions, claims sounding in tort against a telephone company are properly maintained in circuit court. *Valentine v Michigan Bell Telephone Co,* 388 Mich 19; 199 NW2d 182 (1972). Plaintiff's complaint in this case sounds in negligence even though the duty alleged to have been breached arose out of a contractual relationship. Compare *Muskegon Agency, Inc v General Telephone Co of Michigan,* 340 Mich 472; 65 NW2d 748 (1954) (improper assignment of a telephone number), *Thomas v General Telephone Directory Co,* 127 Mich App 788; 339 NW2d 257 (1983), *B & W Rustproofing v Michigan Bell Telephone Co,* 88 Mich App 242; 276 NW2d 572 (1979) (erroneous listing in telephone directory), and *Hunter v General Telephone Co,* 121 Mich App 411; 328 NW2d 648 (1982) (failure of directory assistance to give out correct number of business).

Contrary to defendant's contention on appeal, plaintiff's complaint sets forth sufficient factual allegations to state an action in negligence. We conclude that the circuit court had jurisdiction to hear the case.

Defendant's alternative reliance upon the regulations and tariffs of the Public Service Commis-

sion is misplaced. The limitations on liability set forth therein have no application in a tort action against a telephone company properly brought in a court of general jurisdiction. *Thomas, supra; Hunter, supra,* pp 419-420.

Reversed.