STARK STEEL CORP v MICHIGAN CONSOLIDATED GAS
COMPANY

Docket No. 90495. Submitted January 20, 1987, at Detroit. Decided
December 21, 1987.

Stark Steel Corp. and other businesses which conduct business
operations at a common site supplied with natural gas by
Michigan Consolidated Gas Company brought an action in
Wayne Circuit Court against Michigan Consolidated Gas Com-
pany. Plaintiffs sought a declaration that they were not liable
for the unpaid natural gas bills of a business which at one time
had operations at their common site, recovery of alleged over-
payments to defendant, and recovery of other overpayments
allegedly extorted by defendant through the use of threats to
terminate service. The trial court, John H. Gillis, Jr., dismissed
plaintiffs' complaint without prejudice on defendant's motion
for summary disposition, ruling that primary jurisdiction over
plaintiffs' claims lay with the Public Service Commission and
that plaintiffs must exhaust their administrative remedies in a
proceeding pending before the PSC. Plaintiffs appealed.

The Court of Appeals *held:*

1. Plaintiffs' first two claims sound in contract since they
raise a question as to who, if anyone, is contractually responsi-
ble for certain debts owed to defendant.

2. The PSC is vested by statute with primary jurisdiction over
contractual claims against public utilities.

3. Plaintiffs' "extortion" claim merely restates their contrac-
tual claims and thus is likewise subject to the primary jurisdic-
tion of the PSC.

4. Declaratory relief is not proper as a substitute for a
regular action, which in this case is a contractual claim before
the PSC for recovery of overpayments to a public utility.

5. The question whether the trial court must be ordered to
transfer venue to the Ingham Circuit Court is premature and

REFERENCES

Am Jur 2d, Declaratory Judgments § 20 *et seq.*

Am Jur 2d, Public Utilities §§ 81, 232.

Liability of premises, or their owner or occupant, for electricity,
gas, or water charges, irrespective of who is the user. 19 ALR3d
1227.

was not addressed since plaintiffs have yet to exhaust their administrative remedies with the PSC.

Affirmed.

1. PUBLIC UTILITIES — JURISDICTION — CONTRACTS — TORTS.

A claim against a public utility is properly brought before the Public Service Commission if it sounds in contract; if it is a claim sounding in tort, it is properly brought in a court of general jurisdiction (MCL 460.6[1]; 460.58; MSA 22.13[6][1], MSA 22.8).

2. PUBLIC UTILITIES — JURISDICTION — CONTRACTS.

A claim alleging that a utility user is not liable to a public utility for unpaid bills or a claim alleging overpayments by a utility user to a public utility are claims based on contract and are properly brought before the Public Service Commission.

3. ACTIONS — DECLARATORY JUDGMENTS.

A declaratory judgment is not proper as a substitute for a regular action; a request for declaratory relief will not confer jurisdiction over a subject matter not otherwise properly before a court.

*Shapack, McCullough & Frank, P.C.* (by *James R. Keller*), for plaintiffs.

*Robert E. Taub,* for defendant.

Before: J. B. SULLIVAN, P.J., and GRIBBS and E. C. PENZIEN,* JJ.

PER CURIAM. Plaintiffs appeal from an order of the Wayne Circuit Court dismissing the case without prejudice on the ground that the Public Service Commission had jurisdiction of the subject matter. We affirm.

Plaintiffs' complaint in the circuit court alleged the following: Plaintiffs operate their businesses on premises located at 2660 East Grand Boulevard in Detroit. The natural gas service for those premises is provided by defendant Michigan Consolidated Gas Company, a public utility. Usage of natural

* Circuit judge, sitting on the Court of Appeals by assignment.

gas for industrial processes is measured through one meter, which is known as a processing meter. Prior to January 10, 1983, the customer listed on the meter was Stroble Metal Corp., which shared the premises at that time with plaintiff Stark Steel Corp. Stroble ceased business operations due to insolvency, leaving $51,168.26 due and owing to defendant. Following Stroble's termination of active operations, plaintiffs Alusteel Metal Corp. and S.I.S Sales, Inc., commenced their operations on the premises. Defendant now looks to plaintiffs for repayment of Stroble's debt, threatening to cut off all natural gas service if payment is not forthcoming.

The complaint further alleges that defendant shut off natural gas service afforded through the processing meter on January 14, 1983, leaving the occupants of the premises with service limited to the heating of the premises. Industrial service through the processing meter was resumed in Stark's name on July 27, 1983, for the benefit of tenants Alusteel and SIS. However, no smelting operations consuming natural gas were conducted on the premises prior to September 29, 1983. Nevertheless, defendant billed Stark $36,145.57 for natural gas service during the time period from August 31, 1983, to September 29, 1983. Defendant at one point did terminate service for nonpayment, forcing Stark to pay the bill in order to obtain a resumption of service.

Plaintiffs' complaint stated three counts: (1) a request for declaratory judgment absolving plaintiffs of liability for Stroble's debts, including the unpaid $51,168.26; (2) recovery of the overpayment of $36,145.57 attributable to the period from August 31, 1983, to September 29, 1983; and (3) a cause entitled "extortion" for plaintiffs' overpay-

ment of $36,145.57 due to allegedly improper threats made by defendant to terminate service.

The circuit court dismissed the case without prejudice, deciding that jurisdiction of the matter was vested in the PSC pursuant to MCL 460.6; MSA 22.13(6). The court indicated that plaintiffs must exhaust their administrative remedies in a proceeding then pending before the PSC.

The appropriate resolution of this case requires an application of the doctrine of primary jurisdiction. This doctrine is commonly applied to delineate the jurisdictions of the PSC and the circuit courts to hear and entertain claims arising from disputes between utilities and their customers. The seminal case is *Valentine v Michigan Bell Telephone Co,* 388 Mich 19; 199 NW2d 182 (1972). From our reading of *Valentine,* we discern the following principles applicable when a utility customer asserts a claim that is arguably subject to the PSC's statutory jurisdiction set forth in MCL 460.6; MSA 22.13(6):

(1) If the claim challenges the prospective application of a tariff, code, or regulation promulgated by the PSC, then jurisdiction is properly in the PSC. *Valentine, supra,* pp 26, 30.

(2) If the claim alleges a clear violation of a tariff or code, the validity of which is assumed, then jurisdiction is in a court of general jurisdiction. The tariff or code forms part of the contract between the parties, and the breach of such contract may be heard in the circuit court. *Id.,* 25-26, 30.

(3) If the claim "covers some action by the utility outside of the regulations of the Public Service Commission," *id.,* 25, then jurisdiction is in a court of general jurisdiction.

(4) If the claim sounds in tort and not in con-

tract, then jurisdiction is properly in a court of general jurisdiction. *Id.,* 26, 30.

It is obvious that plaintiffs do not challenge prospective application of a PSC regulation—no such regulation is cited (Principle #1). It is also clear that the complaint does not allege a violation of a PSC promulgation (Principle #2); therefore, jurisdiction in the circuit court on that ground can be ruled out. Since plaintiffs' claims raise a question of who, if anybody, is contractually responsible for certain debts owed to defendant, those claims sound in contract. Therefore, Counts I and II cannot be said to sound in tort (Principle #4). What remains to be decided is whether plaintiffs' contractual claims are subject to the jurisdiction of the circuit court because the subject matter of the claim is outside the scope of PSC regulations (Principle #3).

This Court has consistently construed *Valentine* to mean that claims based on breach of contract may not be raised in the circuit court, but that tort claims are subject to circuit court jurisdiction. See, e.g., *Hunter v General Telephone Co,* 121 Mich App 411; 328 NW2d 648 (1982), lv den 417 Mich 1096 (1983); *Thomas v General Telephone Directory Co,* 127 Mich App 788; 339 NW2d 257 (1983), lv den 418 Mich 935 (1984). The Court in *Valentine, supra,* pp 25-26, seemed to suggest that there are some contractual claims subject to circuit court jurisdiction (our Principles #2 and #3), but we are unaware of any subsequent authority exploring the question of the proper forum for such a claim.

In order to determine whether plaintiffs' contractual claims are subject to the PSC's statutory authority, we find it necessary to examine the underpinnings of that authority. MCL 460.6(1); MSA 22.13(6)(1) provides:

The public service commission is vested with complete power and jurisdiction to regulate all public utilities in the state except a municipally owned utility, the owner of a renewable resource power production facility as provided in section 6d, and except as otherwise restricted by law. The public service commission is vested with the power and jurisdiction to regulate all rates, fares, fees, charges, services, rules, conditions of service, and all other matters pertaining to the formation, operation, or direction of such public utilities. The public service commission is further granted the power and jurisdiction to hear and pass upon all matters pertaining to, necessary, or incident to the regulation of all public utilities, including electric light and power companies, whether private, corporate, or cooperative, gas companies, water, telephone, telegraph, oil, gas, and pipeline companies, motor carriers, and all public transportation and communication agencies other than railroads and railroad companies.

This broad grant of authority is supplemented by MCL 460.58; MSA 22.8, which provides in pertinent part:

Upon complaint in writing that any rate, classification, regulation or practice charged, made or observed by any public utility is unjust, inaccurate, or improper, to the prejudice of the complainant, the commission shall proceed to investigate the matter.

We conclude that the PSC is vested with a statutory grant of authority to regulate the matters raised in plaintiffs' complaint. We further conclude that the PSC has in fact undertaken to regulate billing practices and the discontinuance of service for nonpayment of bills. See 1979 AC, R 460.915 *et seq.* Accordingly, jurisdiction in the circuit court cannot be premised upon a wrong committed by a

utility outside of the scope of PSC regulatory authority. *Valentine, supra,* pp 25-26 (Principle #3). Plaintiffs' claims do not seem to fit exactly within any of the four situations considered in *Valentine.*

We take cognizance, however, of the authority of those subsequent decisions of this Court that hold that contractual claims are generally subject to the primary jurisdiction of the PSC. It follows that plaintiffs' contractual claims should properly be heard before the PSC, which is vested by statute with the authority to resolve such claims. The determinations necessitated by the claim can best be decided by an administrative agency that can bring to bear a specialized expertise in such matters. Furthermore, this is not a claim for judicial enforcement of an agency standard that has clearly been violated; rather, a determination of this case will require the PSC to refine and perhaps even reformulate its standards. Cf. *Fletcher Paper Co v Detroit & M R Co,* 198 Mich 469; 164 NW 528 (1917), aff'd 248 US 30; 39 S Ct 13; 63 L Ed 107 (1918); *Gorham Brothers Co v Ann Arbor R Co,* 228 Mich 273, 284; 200 NW 287 (1924). Our conclusion is consistent with the general theories of jurisdiction underscored in *Valentine.* Accordingly, the circuit court's dismissal of plaintiffs' contractual claims for want of primary jurisdiction was proper.

Although Counts I and II of plaintiffs' complaint state overtly contractual theories, Count III states a claim entitled "extortion." Plaintiffs do not cite any authority supporting this theory of recovery. Accordingly, we decline to decide whether Count III states a claim that would be cognizable as an accepted tort theory. See *Walker v Gilbert,* 160 Mich App 674, 680; 408 NW2d 423 (1987). The count premises plaintiffs' right to recover on the allegation that defendant made threats "without

any legal right to such funds" that were obtained by the alleged extortion. We conclude that this count does no more than restate a claim for breach of contract in another form. *John Cannon Agency v Michigan Bell Telephone Co,* 128 Mich App 472, 475-476; 341 NW2d 115 (1983). Therefore, this count is likewise subject to the primary jurisdiction of the PSC.

In an attempt to evade the primary jurisdiction of the PSC, plaintiffs argue that only the circuit court has the jurisdiction to grant their request for declaratory judgment. We are not persuaded that this argument compels a contrary conclusion as to the proper forum. Declaratory relief is not proper as a substitute for a regular action, such as a contractual claim for recovery of an overpayment. *Updegraff v Attorney General,* 298 Mich 48, 52; 298 NW 400 (1941). It is a proper remedy when the plaintiff seeks a declaration of rights as a guide to future conduct. *Id.* A request for declaratory relief will not confer jurisdiction over a subject matter not otherwise properly before the circuit court. *DAIIE v Sanford,* 141 Mich App 820, 826; 369 NW2d 239 (1985). As we have already concluded, the appropriate forum for claims asserted in plaintiffs' complaint is the PSC. In particular, we note that a claim for a determination of amounts owed is not properly remedied by declaratory relief. It has been held that the PSC has the authority to order a refund. *Northern Michigan Water Co v Public Service Comm,* 5 Mich App 635, 640; 147 NW2d 707 (1967), rev'd on other grounds 381 Mich 340; 161 NW2d 584 (1968). Even if the remedy necessary to vindicate plaintiffs' rights is beyond the PSC's authority, the proper procedure is to first determine plaintiffs' rights in a proceeding conducted by the PSC and then to obtain the appropriate judicial enforcement. See *Grevers v Michi-*

*gan Bell Telephone Co,* 18 Mich App 422, 425-426; 171 NW2d 476 (1969).

Finally, plaintiffs argue that we should direct the circuit court on remand not to transfer venue to the Ingham Circuit Court. Since this question is premature at this time, we decline to address it on the ground that we do not give advisory opinions. *Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk,* 139 Mich App 814, 819-820; 362 NW2d 871 (1984), lv den 422 Mich 977 (1985).

Because the PSC is statutorily vested with the primary jurisdiction of all claims raised in plaintiffs' complaint, we conclude that the court below properly granted dismissal.

Affirmed.