BOOTH v CONSUMERS POWER COMPANY (ON REMAND)

Docket No. 190500. Submitted November 13, 1996, at Grand Rapids. Decided November 14, 1997, at 9:15 A.M.

Susan Booth and Gloria Shaffer sought from the Public Service Commission a declaratory ruling that the imposition by Consumers Power Company of penalties for nonpayment of utility bill arrearages of persons enrolled in an energy assistance program administered by the Department of Social Services is not subject to regulation by the PSC under laws or rules administered by the PSC. Booth and Shaffer sought the ruling so that in an eventual action in court against Consumers Power under the Michigan Consumers Protection Act (MCPA), MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.*, they would not face as a bar to their action failure to exhaust administrative remedies before the PSC. The PSC issued a declaratory ruling that the challenged conduct by Consumers Power was exempt from the MCPA pursuant to § 4(1)(a) of the MCPA, MCL 445.904(1)(a); MSA 19.418(4)(1)(a). Section 4(1)(a) provides that the MCPA does not apply to a transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under state or federal statutory authority. The Ingham Circuit Court, William E. Collette, J., on Booth and Shaffer's petition for judicial review, reversed the declaratory ruling, determining that the PSC lacked subject-matter jurisdiction to determine the scope of the MCPA. The Court of Appeals denied Consumers Power and the PSC leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 450 Mich 909 (1995).

On remand, the Court of Appeals *held*:

The PSC has no inherent or common-law powers and, as a creation of the Legislature, possesses only authority specifically granted by statute. Section 63 of the Administrative Procedures Act, MCL 24.263; MSA 3.560(163) allows an agency such as the PSC to issue on request of an interested person a declaratory ruling concerning the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. Although § 18(1) of the MCPA, MCL 445.918(1); MSA 19.418(18)(1), grants the PSC a role in investigating a public utility subject to its jurisdiction for suspected unlawful conduct under the MCPA, the PSC plays no role in

administering or enforcing the MCPA. Accordingly, the PSC lacks subject-matter jurisdiction to issue a declaratory ruling regarding whether Consumers Power's conduct fell within the MCPA exemption at issue.

Affirmed.

ADMINISTRATIVE LAW — DECLARATORY RULINGS — PUBLIC SERVICE COMMISSION — MICHIGAN CONSUMER PROTECTION ACT.

The Michigan Consumer Protection Act is not among those statutes with regard to which the Public Service Commission may issue declaratory rulings (MCL 24.263, 445.901 *et seq.*; MSA 3.560[163], 19.418[1] *et seq.*).

Legal Services of Eastern Michigan (by *Jacqueline Doig*), for Susan Booth and Gloria Shaffer.

*Michael G. Wilson*, for Consumers Power Company.

*Don L. Keskey* and *Judith I. Blinn*, Assistant Attorneys General, for the Public Service Commission.

Amicus Curiae:

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Frederick H. Hoffecker* and *T. A. Sonneborn*, Assistant Attorneys General, for the Attorney General.

ON REMAND

Before: WAHLS, P.J., and YOUNG and J. H. FISHER* , JJ.

YOUNG, J. Petitioners originally requested declaratory rulings from the Michigan Public Service Commission (PSC) regarding Consumers Power Company's actions in connection with a financial assistance program administered by the Department of Social Services (DSS). In its findings, the PSC ruled that Consumers' actions were exempt from the provisions of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Michigan Consumers Protection Act (MCPA), MCL
445.901 *et seq.*;   MSA 19.418(1) *et seq.* pursuant to
MCL 445.904(1)(a);   MSA 19.418(4)(1)(a).   Petitioners
appealed the PSC determination to the circuit court,
which reversed the PSC's ruling. The circuit court con-
cluded that the PSC lacked jurisdiction to determine
whether Consumers was exempt under the MCPA.
Respondents PSC and Consumers were initially denied
leave to appeal in the Court of Appeals. The Supreme
Court, in lieu of granting leave, remanded the case to
the Court of Appeals for consideration as on leave
granted. 450 Mich 909 (1995).  On remand, we affirm.

Petitioners were utility customers of Consumers
under the DSS-administered positive billing program.
Under that program, the DSS would pay the utility bills
of public assistance recipients directly to Consumers.
Consumers would bill the DSS directly, but also send
statements to the program recipients. These state-
ments contained a notation that read "DSS ENERGY PRO-
GRAM—DO NOT PAY." Starting in October 1991, the DSS
limited the amount it would pay directly to Consum-
ers on behalf of an individual recipient, and it
deducted a portion of the recipient's public assistance
check to pay the utility bill. Consumers would also
grant the recipient a credit matching the amount
deducted from the assistance check. Despite this sys-
tem of direct payment, deduction, and credit, some
program recipients still accumulated arrearages. How-
ever, they were protected from having their utilities
shut off as long as they were enrolled in the program.
During the time that positive billing program enroll-
ees were allowed to accumulate arrearages, Consum-
ers continued to send out statements containing the
"DO NOT PAY" notation.

In October 1991, the positive billing program was revised so that enrollees who had accumulated large arrearages were no longer allowed to participate. Petitioners were among those who had accumulated arrearages and were dropped from the program. The "DO NOT PAY" notation was removed from monthly statements in November 1991.

Before the petitioners requested a declaratory ruling by the PSC, a group of former positive billing program enrollees filed suit against Consumers under the MCPA. The circuit court in that case dismissed the MCPA action for failure to exhaust available administrative remedies before the PSC. Petitioners in the instant case filed a request for a declaratory ruling by the PSC pursuant to § 63 of the Administrative Procedures Act, MCL 24.263; MSA 3.560(163). Petitioners asked the PSC to find that (1) Consumers' imposition of penalties for nonpayment of arrearages accumulated in connection with bills stamped "DO NOT PAY" was not conduct regulated by the PSC, (2) the conduct complained of was not specifically authorized by any laws administered by the PSC, (3) the challenged conduct was not unlawful under the Public Service Commission Act or any regulations promulgated thereunder, and (4) the PSC did not have jurisdiction to hear, decide, and fashion remedies in connection with the challenged practice, and therefore aggrieved customers would have to seek relief under the MCPA in the circuit court.

In its declaratory ruling, the PSC found that Consumers' conduct fell within the exception to the MCPA set forth at MCL 445.904(1)(a); MSA 19.418(4)(1)(a) because the PSC "exercises pervasive regulatory authority over all aspects of Consumers' relationship

with its customers, including billing disputes and shutoff of service, and can promptly take action to remedy misconduct by a public utility."

Petitioners sought review of the PSC's decision before the circuit court, arguing that the PSC lacked the authority to determine whether Consumers' conduct fell within an exception to the MCPA. The circuit court reversed the PSC's ruling on the basis that the PSC lacked subject-matter jurisdiction to determine the scope of the MCPA. The circuit court reasoned:

> [The] PSC's declaratory ruling that the Consumers Power Co.'s conduct is exempt from the Consumer Protection Act is not authorized by law, and is unlawful and unreasonable. . . . The PSC does not administer the Consumer Protection Act . . . . The Court notes also . . . that Petitioners never requested a ruling on the exemption issue.
>
> Moreover, the power granted to the PSC in MCL 445.918 [MSA 19.418(18)] to investigate a public utility which the Commission believes may be engaging in unlawful conduct, does not include the power to make a determination as to whether the conduct is exempt from the . . . [MCPA]. If the Legislature had intended to grant that significant power to the PSC, it would have included that in the statute. Its failure to do so is a clear indication that the power to determine whether conduct is exempt from the Act is properly left to the courts.
>
> Finally, the broad grant of power to the PSC found in MCL 460.6 [MSA 22.13(6)] does not include the power to determine the applicability to public utilities of other statutes the PSC does not administer. If that were the case, the PSC would be usurping the function of courts.

The circuit court remanded the matter to the PSC for declaratory rulings regarding the issues presented by petitioners.

I

Respondents argue that the circuit court erred in concluding that the PSC could not determine whether Consumers' conduct was exempt from the provisions of the MCPA. We find no error.

Const 1963, art 6, § 28 provides that the review of an administrative agency's final decision "shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law." Similarly, MCL 24.306; MSA 3.560(206) requires that courts "set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced" because the decision or order is "[i]n excess of the statutory authority or jurisdiction of the agency." MCL 24.306(1)(b); MSA 3.560(206)(1)(b).

It is well established that the PSC has no inherent or common-law powers. *Union Carbide Corp v Public Service Comm*, 431 Mich 135, 146; 428 NW2d 322 (1988). As a creation of the Legislature, it possesses only that authority specifically granted by statute. *Id.; In re Telecommunications Tariffs*, 210 Mich App 533, 539; 534 NW2d 194 (1995). Moreover, a "statute that grants power to an administrative agency must be strictly construed and the administrative authority drawn from such statute must be granted plainly, because doubtful power does not exist." *Id.*

MCL 24.263; MSA 3.560(163) provides: "On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of *a statute administered by the agency* or of a rule or order of the agency." (Emphasis added.) We conclude that the PSC lacked authority to issue a declaratory ruling regarding the scope of the MCPA

because it does not administer that statute. The MCPA does give the PSC a role in investigating violations of that act. Section 18(1) of the MCPA provides: "The public service commission may investigate . . . a public utility subject to its jurisdiction . . . which the commission believes has engaged, is engaging, or is about to engage in a method, act, or practice which is unlawful under this act." MCL 445.918(1); MSA 19.418(18)(1). However, the PSC plays no role in administering or enforcing the MCPA. In fact, after investigating a public utility under § 18(1), the PSC is directed to report its findings to the Attorney General. MCL 445.918(3); MSA 19.418(3). There are no provisions in the MCPA expressly granting the PSC authority to administer the act or allowing the PSC to decide whether a utility's conduct falls within the exception provided by MCL 445.904(1)(a); MSA 19.418(4)(1)(a). Without such a plain delegation of authority, we conclude that the PSC did not have subject-matter jurisdiction to issue a declaratory ruling regarding whether Consumers' conduct fell under an exception to the MCPA.

Respondent Consumers argues that the PSC's declaratory ruling was correct and should be affirmed in any event. This issue was not presented to or decided by the circuit court, which considered only whether the PSC had jurisdiction to issue its declaratory ruling. Whether the PSC's ruling was legally correct is not properly before this Court and will not be considered. *Stark Steel Corp v Michigan Consolidated Gas Co*, 165 Mich App 332, 340; 418 NW2d 135 (1987); *Michigan Mut Ins Co v American Community Mut Ins Co*, 165 Mich App 269, 277; 418 NW2d 455 (1987).

Affirmed.